92 So.2d 120 (1957)
Kerney JENKINS, d/b/a Jenkins Lumber Company,
v.
The FIDELITY AND CASUALTY COMPANY OF NEW YORK.
No. 4305.
Court of Appeal of Louisiana, First Circuit.
January 2, 1957.
*121 Breazeale, Sachse & Wilson, Baton Rouge, for appellant.
A. Leon Hebert, Baton Rouge, for appellee.
LOTTINGER, Judge.
A collision occurred about noon on May 2, 1955, at the intersection of Harding Boulevard and Nottingham Street in Baton Rouge. Plaintiff's Dodge truck and trailer, while attempting to make a left turn from Harding Boulevard south into Nottingham Street, was struck by defendant's 1952 truck and trailer. The driver of the latter was attempting to pass the Dodge truck. Both vehicles were proceeding westward immediately prior to the collision.
Defendant appeals from the award of $1,393.63 property damage to plaintiff below. There is no further controversy as to the amount of the damage. The sole question for our determination is whether plaintiff's recovery is barred by the negligence of his truck driver, George Smith.
Smith testified that he turned into Harding Boulevard approximately two and one-half blocks east of Nottingham Street; proceeded at a slow speed (not more than 15-20 mph) towards the intended left turn at Nottingham Street; turned on his directional blinker signal lights about 400 feet east of the intersection; and shoved out his left hand making the manual signal for a left turn 150-200 feet east of the intersection. He stated that defendant's truck was about 300 feet behind him when he turned on the blinker lights signaling his left turn and about 200 feet behind him when he made the manual left turn signal.
Smith is substantially corroborated by the testimony of the passenger in his truck and of the driver of another of plaintiff's trucks in the immediate vicinity. These witnesses and Smith further testified that after plaintiff's truck had commenced a slow angling turn (necessary because of the length of the trailer) by crossing partly into the south lane of Harding Boulevard, the left rear wheel of plaintiff's trailer was struck by the right front of defendant's onrushing truck, which slid up the entire length of the trailer crashing into the truck cab and causing total loss of the truck.
The investigating city policeman testified that the original point of impact was approximately 90 feet east of the intersection, but defendant's truck's skid marks were 110 feet in length, both trucks ending up in a ditch approximately 20 feet further west than Nottingham Street. The point of impact was 1-1½ feet in the south lane of Harding Boulevard, 90 feet east of the intersection, and the left left-tandem wheel of defendant's truck made tracks 1' inside and along the south shoulder of the road following the impact.
*122 The defendant's driver, Lowe, testified that the accident occurred after he had commenced passing plaintiff's truck when the driver suddenly cut left across his path. Lowe further testified that plaintiff's driver, Smith, had made neither manual signal nor directional blinker light signal of his left turn intent. He admitted that he should have been able to see both the manual signal and the front directional blinker light if such signals were made. (The rear directional blinker light was not working at the time of the accident.) He further testified that he had not sounded his horn that he was about to pass since he felt the racket of his Diesel truck was sufficient warning of his approach. He was going 40-50 mph at the time of the accident.
Assuming for the sake of argument that under these circumstances the defendant was guilty of negligence and accepting the District Court's determination that manual and directional signal light signals were made by Smith, the main question for our determination is whether plaintiff's recovery is barred by the negligence of his truck driver, George Smith.
From the facts as found in this record, it appears that when plaintiff's driver turned on his directional blinker signal lights, he was about 400 feet east of the intersection and he claims at that time defendant's truck was about 300 feet behind him and that when he shoved out his left hand making the manual signal for a left turn, he was about 150-200 feet east of the intersection and that defendant's truck was about 200 feet behind him. It appears that plaintiff's driver continued on the north side of said boulevard until he reached a point approximately 90 feet east of the intersection when he pulled over partly into the south lane without looking back at that time to see where defendant's truck was, but plaintiff's driver contends that when he was about to turn south into Nottingham Street, he looked to the rear and saw defendant's truck 20 feet to the rear of plaintiff's truck. Since the impact took place 90 feet east of the intersection and in the south lane of Harding Boulevard, it appears to us that defendant's truck was in the process of passing plaintiff's truck at the time that plaintiff's truck pulled over into the south lane. It is our firm opinion that before plaintiff's driver pulled over into the south lane, he should have looked to the rear to see if the way was clear for him to make such a long angling left turn, and we are likewise of the firm opinion that this maneuver was negligent on his part and is a proximate cause to the accident.
According to Revised Statutes of this state we find as follows:
LSA-R.S. 32:235
"A. The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.
"B. Except as otherwise provided in this Section, the driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest the right hand side of the highway, and in turning shall keep as closely as practicable to the right hand edge of the highway, and when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning to the left."
LSA-R.S. 32:236
"A. The driver of any vehicle upon a highway of this state, before starting, *123 stopping or turning from a direct line shall first see that such movement can be made in safety, and, if any pedestrian may be affected by such movement, shall give clearly audible signal by sounding the horn; and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement."
As was stated in the case of Michelli v. Rheem Manufacturing Company, La.App., 34 So.2d 264, 268:
"It is well settled in Louisiana that the operator of a motor vehicle who desires to make a left turn, carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles."
We also find in Vol. 2 of Blashfield Cyclopedia of Automobile Law and Practice, Section 1174, Pg. 477, as follows:
"The turning driver, after a proper signal for a left turn and observing nothing that would indicate his signal is not being observed, is entitled to assume that the other driver will observe the law and exercise reasonable care." (Emphasis ours.)
The duty of not interfering with or impeding traffic in either direction is placed upon the motorist by law, and he must not be content with merely holding out his hand or putting on his directional signal light. He should look before turning to first see if such movement he contemplates making can reasonably be made in safety. It appears to us that the driver of plaintiff's vehicle was negligent in attempting to make a left turn in the manner in which he did; viz., in such a long angling turn in violation of LSA-R.S. 32:235 and in not ascertaining if his left turn signal was being obeyed or whether the way was clear before he started turning into the south lane of said street in violation of LSA-R.S. 32:236 subd. A. We are of the opinion that his negligence was a proximate cause to the accident and which should bar plaintiff's recovery.
For the above and foregoing reasons, the judgment of the District Court herein is reversed and plaintiff's suit dismissed at plaintiff's cost.
Judgment reversed.