124 So.2d 331 (1960)
Richard C. JOHNSON
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO.
No. 101.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
*332 Domengeaux, Roy & Wright, by Bob F. Wright, Lafayette, for plaintiff-appellant.
Edwards & Edwards, by Edwin W. Edwards, Crowley, for defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
This is a damage suit instituted by Richard C. Johnson against Southern Farm Bureau Casualty Insurance Company arising out of a motor vehicle collision which occurred about 4:30 o'clock p. m., on April 30, 1959. Defendant is the public liability insurer of the owner and driver of one of the vehicles involved in the accident. After trial of the case on its merits, the trial judge concluded that the defendant's insured was negligent, that plaintiff was contributorily negligent, and that the concurring negligence of both caused the accident. Judgment was rendered dismissing the suit, and plaintiff has appealed.
The evidence establishes that just prior to the accident plaintiff Johnson was driving his employer's jeep in a northerly direction on Lake Arthur Avenue in the City of Jennings. He turned to his left to enter a private driveway, but before completing the turn the left rear portion of the jeep was struck by a Chevrolet automobile, which at that time was also being driven in a northerly direction and was attempting to overtake and pass the jeep. Defendant was the public liability insurer of the Chevrolet automobile, and at the time of the accident that automobile was being driven by Clifford Courville. The impact of the collision caused the jeep to overturn, and plaintiff contends that he sustained personal injuries as a result of this accident.
The street at the scene of the accident is a straight, hard-surfaced, level street located within the corporate limits but on the outskirts of the City of Jennings. A municipal ordinance fixes a speed limit of 25 miles per hour at that point. Courville testified that when he observed plaintiff's jeep being turned to its left he was driving at a speed of 40 or 45 miles per hour, but he admitted that he might have been driving faster than that. The evidence establishes that the car Courville was driving skidded a distance of 63 feet before the collision occurred, struck plaintiff's jeep with sufficient force to turn it over and then the Courville *333 car continued to skid a distance of 33 feet beyond the point of impact. These facts convince us that Courville was driving at a very fast rate of speed immediately prior to the time of the accident. We conclude, as did the trial judge, that Courville was negligent in driving at an excessive rate of speed and that his negligence in that respect constituted a proximate cause of the accident. See Green v. Plummer, La.App. 1960, 119 So.2d 862; Thomas v. Barnett, La.1960, 123 So.2d 87.
Plaintiff testified that prior to making the left turn he saw the Courville car approaching from his rear, about 450 feet behind him, that he thought he had sufficient time within which to complete the turn, so he gave a hand signal for a left turn and then proceeded to turn into the driveway. The collision occurred when the front wheels of the jeep reached a point two or three feet off the hard surfaced portion of the highway. Plaintiff obviously miscalculated or failed to notice the distance the Courville car was behind him when he attempted to make the left turn.
Under the well settled law of this State the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Leonard v. Holmes & Barnes, 1957, Ltd., 232 La. 229, 94 So.2d 241; Washington Fire & Marine Insurance Company v. Fireman's Insurance Company, 1957, 232 La. 379, 94 So.2d 295; Johnson v. Wilson, 1960, 239 La. 390, 118 So.2d 450; LSA-R.S. 32:236, subd. A. Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his hand or putting on his directional signal light, but he should look before turning to first see if such movement can reasonably be made in safety. Johnson v. Wilson, supra; Jenkins v. Fidelity & Casualty Company of New York, La.App.1957, 92 So.2d 120.
In the instant case plaintiff was aware of the fact that the Courville car was approaching from the rear. The skid marks made by the Courville car prior to the collision were entirely in the left, or overtaking, lane of traffic indicating that Courville must have been in that lane or at least in the process of entering it when plaintiff began making his left turn. If plaintiff had exercised reasonable care it appears to us that he would readily have ascertained that a left turn could not be made safely at that time.
In our opinion, therefore, the trial judge was correct in concluding that plaintiff was negligent in attempting to make a left turn from a public street without first ascertaining that such a movement could be made in safety, and that his negligence in that respect was a proximate and contributing cause of the accident barring him from recovery in this case.
For the reasons herein assigned, the judgment of the trial court is affirmed at appellant's costs.
Affirmed.