134 So.2d 363 (1961)
Saul SONNIER
v.
GREAT AMERICAN INSURANCE COMPANY et al.
No. 397.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Simon & Trice, by Phil Trice, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, Lafayette, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is an action in tort instituted by plaintiff against Alfred C. Taylor, Atlantic Refining Company, and its insurer, Great American Insurance Company, arising out of an accident which occurred on the 7th day of August, 1959, at about three o'clock p. m., on Louisiana Highway 35 in the Parish of Vermilion, Louisiana.
Plaintiff, the driver of one of the vehicles involved in the accident, was proceeding in *364 a northerly direction on Louisiana Highway 35, which is a blacktopped highway running generally north and south. At the time of the accident the weather was clear and the road was dry. Shortly prior to the accident Alfred C. Taylor was driving a pickup truck in the same direction, but plaintiff was driving ahead of Taylor. The accident occurred when plaintiff attempted to make a left-hand turn into an unmarked gravel road which formed a junction or a "T" with Louisiana Highway 35.
Plaintiff alleged that the sole and proximate cause of the accident was the negligence of Taylor in (a) failing to keep a proper lookout at all times, (b) failing to keep his vehicle under proper control, (c) failing to observe traffic rules and regulations of the road, and (d) failing to heed the left-hand signal given by plaintiff that he was about to make a left-hand turn. Alternatively, plaintiff prayed that if the court should find him negligent, that Taylor had the last clear chance to avoid the collision.
Defendants filed a general denial stating that Taylor was not negligent, and alternatively, that should the court find that he was negligent, that plaintiff was contributorily negligent in (a) failing to maintain a proper lookout, (b) failing to have his vehicle under proper control, (c) failing to see the vehicle being driven by Taylor, (d) failing to give his signal that he was intending to make a left turn, (e) in attempting to make a left turn in violation of the statutes of this state, (f) failing to recognize the right-of-way of Taylor in that he had already pre-empted the left lane of traffic, and (g) failing to look to his rear prior to turning.
Upon these issues the case was tried. The district court in a written opinion held that both plaintiff and defendant Taylor were negligent and that the doctrine of last clear chance did not apply, and accordingly, he rejected plaintiff's demand and dismissed his suit. From this judgment, plaintiff has appealed to this Court.
Defendants answered the appeal asking that the original judgment be modified so as to hold that the sole proximate cause of the accident was the negligence of the plaintiff. Appellant moved to dismiss the answer to the appeal filed on behalf of appellees for the reason that under Article 2133 of the LSA Code of Civil Procedure, an answer to an appeal must be filed not later than fifteen days after the return day or the lodging of the record, whichever is later. Appellant stated that the return day for the appeal in the instant case was fixed as July 6, 1961, and the record was lodged July 17, 1961, so that the answer would have had to have been filed before the end of the day of August 1, 1961, whereas the answer to the appeal was filed on August 2, 1961.
The argument of counsel for plaintiff-appellant would be well taken were it not for the fact that an extension of time was granted to the clerk of court in which to prepare the record. The record reveals that on July 5, 1961, an order was entered granting the clerk of court an extension of fifteen days from July 16, 1961, to prepare the record in the instant case. This being true, the answer to the appeal was timely filed. For this reason, the motion to dismiss the answer to the appeal is denied.

On The Merits
The evidence reflects that Highway 35 is blacktopped and at the point of the accident runs generally north and south. According to the pictures introduced in evidence, the road makes a junction or a "T" with Highway 35, and there is no designation that there is a road for a person traveling north. There is no yellow line at the intersection to warn motorists that it is dangerous to pass at that particular point.
The evidence introduced at the trial is conflicting. Plaintiff contends that he made a left-hand signal for some time prior to his making the left-hand turn, whereas, Taylor contends that plaintiff never did indicate that he was making a left-hand turn, either by hand signal or otherwise.
*365 The only other witness was John A. Landry, who testified that plaintiff passed his house and had his hand signaling he was making a left-hand turn as he passed the house; that plaintiff waved to him and then again placed his hand out; and that he also saw defendant Taylor who was looking in his direction rather than at the road prior to the accident. The evidence reflects that there is a barn which obstructed the view of Landry after the vehicle had passed his house and which is some distance from the "T" intersection.
Trooper Wilton Marceaux testified that he arrived at the scene of the accident shortly thereafter and stated that at the point of the impact he found a little skid mark.
Under the well settled law of this State, the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Leonard v. Holmes and Barnes, Ltd., 1957, 232 La. 229, 94 So.2d 241; Washington Fire and Marine Insurance Co. v. Fireman's Insurance Co., 1957, 232 La. 379, 94 So.2d 295; Johnson v. Wilson, 1960, 239 La. 390, 118 So.2d 450; Johnson v. Southern Farm Bureau Casualty Insurance Co., La.App. 3 Cir., 1960, 124 So.2d 331; LSA-R.S. 32:236(A). Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his hand or putting on his directional light, but he should look before turning to first see if such movement can reasonably be made in safety. Johnson v. Wilson, 1960, 239 La. 390, 118 So.2d 450; Jenkins v. Fidelity and Casualty Co. of New York, La.App. 1 Cir., 1957, 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Insurance Co., La.App. 3 Cir., 1960, 124 So.2d 331.
In the case of Brown & Williamson Tobacco Corp. v. Baumgardner et al., La. App. 1 Cir., 92 So.2d 107, 109, the Court said:
"Under the provisions of LSA-R.S. 32:235 and 32:236 a driver attempting to make a left hand turn on a public highway must ascertain that he may do so without endangering overtaking or oncoming traffic, must yield the right of way to such vehicles, and must give a signal indicating his intention. As a result of this statutory rule the courts have placed a burden of proof upon one who violates these provisions."
In our opinion the proximate cause of the accident was the negligence of plaintiff in attempting to make a left-hand turn without first ascertaining that such a movement could be made in safety. It is apparent from the testimony of the state trooper that defendant was not too far behind plaintiff when the latter attempted to make his left-hand turn. Defendant acted as a reasonable person in attempting to pass plaintiff at or near the junction of the gravel road and the highway which forms a "T" intersection for the reason that there was no sign designating the side road and there was no yellow line along the center of the highway to warn of the danger of overtaking and passing vehicles at the intersection.
Since we have found plaintiff to be contributorily negligent, the remaining issue is whether he can recover because of the doctrine of last clear chance or discovered peril. As stated in the case of Maryland Casualty Company v. Allstate Insurance Company, La.App., 2 Cir., 96 So.2d 340, 344, before the above doctrine can be applied in any given case, three elements must exist:
"`* * * (a) plaintiff in a position of peril of which he was unaware or unable to extricate himself; (b) defendant in a position where he actually discovered, or should have discovered, the plaintiff's peril; (c) at such time that the defendant could have by the exercise of reasonable care, avoided the accident. * * *'"
*366 We are of the opinion, as was the trial judge, that the doctrine of last clear chance is not applicable for the reason that plaintiff created the peril in this case and defendant did everything that he could to avoid the accident. He was about to overtake plaintiff when the accident occurred, and when the plaintiff made a sudden left-hand turn, defendant could not avoid the accident.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff is to pay all costs of this appeal.
Affirmed.