134 So.2d 319 (1961)
Maude GUIDRY
v.
UNITED STATES CASUALTY CO. et al.
No. 338.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Rehearing Denied November 29, 1961.
*320 Mouton, Champagne & Colomb, by Patrick L. Colomb, Lafayete, for defendants-appellants.
Piccione & Piccione, by Joseph J. Piccione, Lafayette, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is an action in tort instituted by the widow, individually, and as natural tutrix of her minor child, against Louis Courville and his insurer, United States Casualty Company, for damages arising from an automobile accident which occurred on January 26, 1958, in which the said husband of plaintiff was killed. Plaintiff alleged that the accident was caused by the negligence of defendant, Louis Courville, in the following respects:
(a) In approaching the City of St. Martinville at an unlawful and excessive speed;
(b) In failing to have his vehicle under control;
(c) In failing to keep a proper lookout and to see what he should have seen in time to slow down, stop or otherwise avoid the collision;
(d) In failing to steer to the right or left in order to avoid the collision if necessary;
(e) In failing to blow his horn; and
(f) In failing to keep a proper lookout.
Plaintiff plead alternatively that if the decedent were guilty of any negligence, the defendant, Courville, had the last clear chance to avoid the collision.
Defendants filed an answer generally denying the allegations of plaintiff's petition, and alleging that the accident was due to the negligence of the deceased. They plead alternatively that the decedent was guilty of contributory negligence, or that he had the last clear chance of avoiding the accident.
After a lengthy trial, judgment was rendered in favor of plaintiff and against defendants. Defendants appealed from the ruling of the district judge, and plaintiffs answered the appeal asking that the judgment of the lower court be increased.
The parties stipulated to the following facts: On January 26, 1958, at approximately 9:50 o'clock a. m., on Louisiana Highway 31 at or near the north city limits of St. Martinville, St. Martin Parish, Louisiana, Martin Cormier was driving his 1955 Ford in a northerly direction on said highway, and Louis Courville was driving his 1958 Chevrolet in a southerly direction on said highway, and the two automobiles collided.
The record reveals that the highway is level and straight for some distance north and south of the place at which the accident occurred. At the point of the collision the traveled portion of the highway consists of an 18 foot concrete slab. To the east, the shoulder of the road for a distance of about six feet is covered with clam shells. The rest of the shoulder up to the ditch is covered with grass. There are obstructions on the shoulder of the road on the east side thereof, as shown by plaintiff's exhibits and the testimony of Alfred Leonpacher, Civil Engineer. On the west side *321 of the highway at the point of collision and for some distance to the north is an open parking area of considerable size. The highway ditch in this area is tiled. The shoulder of the road, the tiled ditch and the parking area are covered with gravel and shell. On the west side of the concrete slab for a distance of about 25 feet, the area consisting of the shoulder, covered ditch and parking area is practically level. Except for the obstructions at the north end of this area, which are shown on Exhibit P-1, and the power pole at the south end thereof, shown on the map and located a very short distance south of the point of collision, the parking area is accessible from the road for a distance of about 140 feet along the west side of Highway 31.
At the approximate time of the accident, the weather was clear and dry.
For a short time prior to the accident the deceased was driving his Ford car on Highway 31, partly in the southbound lane of traffic, with the intention of making a left hand turn in order to drive his car into the road adjacent to the Barras Bar. While the said Cormier was driving his car as stated, Louis Courville was driving his Chevrolet automobile in a southerly direction on Highway 31. The evidence reveals that he was traveling beyond the speed limit of the Town of St. Martinville, which according to the record was 45 miles per hour.
Two of the eyewitnesses to the accident were Gene Bienvenu and Grady Dugas. Both were sitting in front of Barras Bar when they heard squeaking of brakes and the skidding of defendant Courville's car. According to the testimony of Bienvenu, at the time of the impact the Ford was traveling the center line of the concrete slab. Dugas stated that the Ford was about one foot inside the south lane of traffic. The Chevrolet was in the proper lane of traffic.
State Trooper D. D. Landry examined the accident shortly after it occurred. He testified that he found continuous skid marks for a distance of about 175 feet. He estimated that the Courville car was traveling at approximately 70 miles per hour when he first applied his brakes and at the rate of 45 miles per hour when he collided with the Ford owned by Cormier.
The above facts convince us that Courville was driving at a very fast rate of speed immediately prior to the time of the accident. We are of the opinion, as was the trial judge, that Courville was negligent in driving at an excessive rate of speed and that his negligence in that respect constituted a proximate cause of the accident. Green v. Plummer (La.App., 1 Cir., 1960), 119 So.2d 862. Johnson v. Southern Farm Bureau Casualty Insurance Co. (La.App., 3 Cir.1960), 124 So.2d 331.
Shortly prior to the accident, Cormier was driving his care as aforesaid with Stanley J. Vincent as a passenger in the car. As shown by Exhibit P-2, the damages to the Courville automobile were to the left front fender beginning at the headlight, and the damage to the Ford automobile was mostly to the front center and left of said automobile.
Under the well settled law of this State, the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Leonard v. Holmes and Barnes, Ltd., 232 La. 229, 94 So.2d 241 (1957); Washington Fire & Marine Insurance Co. v. Fireman's Insurance Company, 232 La. 379, 94 So.2d 295 (1957); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); LSA-R.S. 32:236(A). Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his hand or putting on his directional signal light, but he should look before turning to first see if such movement can reasonably be made in safety. Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Jenkins v. Fidelity & Casualty Company of New York (La.App., 1 Cir., 1957), 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Insurance *322 Co. (La.App., 3 Cir., 1960), 124 So.2d 331.
The preponderance of the evidence shows that at the moment of impact the decedent Guidry's Ford was possibly only one foot over into the Courville lane, or in any event, that only the front half of the Guidry vehicle had entered into the Courville lane. This supports the conclusion that Guidry turned left when Courville was so close to him that the accident would have occurred whether or not Courville's speed was in excess of the legal speed limit, and thus that Guidry's failure to observe the approaching Courville vehicle was a contributory proximate cause of the accident, barring recovery by his widow and child for his death.
Since we have found plaintiff to be contributorily negligent, the remaining issue is whether he can recover because of the doctrine of last clear chance or discovered peril. As stated in the case of Maryland Casualty Company v. Allstate Insurance Company (La.App., 2 Cir.), 96 So.2d 340, 344, before the above doctrine can be applied in any given case, three elements must exist:
"`* * * (a) plaintiff in a position of peril of which he was unaware or unable to extricate himself; (b) defendant in a position where he actually discovered, or should have discovered, the plaintiff's peril; (c) at such time that the defendant could have by the exercise of reasonable care, avoided the accident. * * *'"
Applying the tests used above, we are of the opinion that the doctrine of last clear chance does not apply here in that defendant Courville was faced with an emergency and did everything he could under the circumstances to avoid the accident. The trial judge held that Courville could have avoided the accident by releasing his brakes for a moment to stop the skidding of his car and then proceeding to the right a sufficient distance to avoid the collision. State Trooper Landry examined the scene of the accident shortly after the occurrence thereof. He found continuous skid marks for a distance of 175 feet. He also found the skid marks were in Courville's lane of traffic. He testified that once Courville applied his brakes he had no control of his automobile and he did the only thing possible under the circumstances, namely, to hold his hands on the driver's wheel. The accident occurred so suddenly that plaintiff did not have time to do the things suggested by the trial judge and acted by instinct in doing what he did.
For the reasons assigned, the judgment of the district court is reversed, set aside and annulled, and judgment is hereby rendered in favor of defendants, Louis Courville and United States Casualty Company, and against plaintiff, Maude Guidry, individually, and as natural tutrix of the minor, Judy Ann Cormier, rejecting her demands and dismissing her suit. Plaintiff is to pay all costs of this appeal.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.