152 So.2d 74 (1963)
Mrs. James Ernest BARRAS et al., Plaintiffs-Appellees,
v.
The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant-Appellant,
TRINITY UNIVERSAL INSURANCE COMPANY, Third-Party Defendant-Appellee.
No. 806.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
Rehearing Denied May 1, 1963.
Certiorari Refused June 4, 1963.
*75 Plauche & Stockwell, by Oliver P. Stockwell, Lake Charles, for defendant-appellant.
Plauche & Plauche, by A. L. Plauche, Lake Charles, for third-party defendant-appellee.
Graham, Smith & Wise, by James A. Smith, Lake Charles, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This is an action in tort resulting from an automobile accident which took place at the "T" intersection of a small shell Parish Road with State Highway 27, a blacktop main highway, in Cameron Parish at approximately 3:45 P.M. on April 16, 1961, between a 1960 Buick driven by J. W. Doxey south on State Highway 27 and a 1957 Chevrolet driven by Mrs. James Ernest Barras making a left turn off State Highway 27 onto Parish Road 384. State Highway 27 is a blacktopped highway leading from Lake Charles to the Town of Cameron and is one of the main thoroughfares entering into the Parish of Cameron, and at the point of impact runs in a northerly and southerly direction. Parish Road 384 is a local shell road extending from State Highway 27 in an easterly direction. It does not cross the highway to the west. Mrs. Rene Fuselier, one of the plaintiffs, was a guest passenger in the automobile driven by Mrs. James Ernest Barras, the other plaintiff.
As a result of the above collision, James Ernest Barras, his wife, and Mrs. Rene Fuselier sued the Fidelity and Casualty Company of New York, the insurer of the Doxey vehicle.
The Fidelity and Casualty Company of New York answered the suit denying liability and then filed a third party claim over and against Trinity Universal Insurance Company as insurer of the automobile driven by Mrs. James Ernest Barras on the theory and in the alternative that in the event that the court should find any negligence on the part of J. W. Doxey that Mrs. James Ernest Barras was guilty of contributory *76 negligence which would defeat her claim and make her jointly liable with J. W. Doxey for the claim of Mrs. Rene Fuselier.
After a trial on the merits in the district court, judgment was rendered in favor of James Ernest Barras, his wife, and Mrs. Rene Fuselier, against defendant, Fidelity and Casualty Company of New York. The third party demand of Fidelity and Casualty Company of New York against Trinity Universal Insurance Company was rejected. From this judgment Fidelity and Casualty Company of New York has appealed to this Court.
Plaintiffs, James Ernest Barras and Mrs. Rene Fuselier, answered the appeal, asking that the amounts awarded to them by the trial judge be increased.
J. W. Doxey, the driver of the car insured by Fidelity and Casualty Company of New York, was negligent in passing at the intersection involved herein, contrary to the provisions of LSA-R.S. 32:233(E), which provides, in substance, that the driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction at any intersection of a highway.
This Court will next consider the plea of contributory negligence on the part of Mrs. Barras, as set forth in defendant's answer.
The trial judge, in his reasons for judgment, held that the instant case involved simply a rear end collision rather than a left turn collision.
Counsel for plaintiffs has adopted the position taken by the trial judge in his brief before this Court, and states that if we should determine that a left turn collision was involved rather than a rear end one, Mrs. Barras was not negligent in the instant case for the reason that she took all the necessary and proper precautions before attempting to make said left turn.
After a review of the record, we are of the opinion that the evidence will not support the factual finding made by the trial judge.
The evidence reveals that Mrs. Barras had done more than simply slow her speed to make a left hand turn; that she had actually started her left turn, and the front portion of her car was about half way across the center line of State Highway 27 at the time of the impact. The Doxey vehicle left skid marks for 100 feet in the left or east lane of traffic on said highway. Mrs. Barras testified that the defendant's car was only one car length to the rear when she started her left hand turn. This is physically impossible in view of the fact that she was going very slow and defendant was going forty to forty-five miles per hour and left skid marks mentioned above. The skid marks would indicate that Doxey had started to pass and accelerated to about fifty-five miles per hour when he first realized that Mrs. Barras was going to turn left instead of to the right as testified to by him.
Under the well settled law of this State, the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Leonard v. Holmes and Barnes, Ltd., 232 La. 229, 94 So.2d 241 (1957); Washington Fire and Marine Insurance Co. v. Fireman's Insurance Company, 232 La. 379, 94 So.2d 295 (1957); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); LSA-R.S. 32:236 (A). Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his hand or putting on his directional signal light, but he should look before turning to first see if such movement can reasonably be made in safety. Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Jenkins v. Fidelity and Casualty Company of New York, (La. App., 1 Cir., 1957), 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Insurance Company, (La.App., 3 Cir., 1960), 124 So.2d 331; Deshotels v. United States Fire Insurance Company, (La.App., 3 Cir., 1961), 132 So.2d 504; Guidry v. United States Casualty Co., (La.App., 3 Cir., 1961), 134 So.2d 319.
*77 It is apparent from the record that Mrs. Barras did not look to ascertain that she could make the left turn in safety. There was no evidence in the instant case to show that there were any cars approaching Mrs. Barras from the opposite direction. It is the opinion of this Court that the left turn made by Mrs. Barras was causally related to the accident, and the negligence on her part bars her and her husband from recovery in this case.
The district judge allowed the guest passenger in the Barras car the sum of $2,500.00 for personal injuries, and $390.00 special damages, which include the statement of Dr. Charles V. Hatchette who treated Mrs. Fuselier and made a charge of $355.00 for services rendered. There was also a charge made by Memorial Hospital for $35.00. These items are not contested by counsel for defendant.
The record reveals that Mrs. Fuselier received a moderate whiplash injury on the date of the accident, namely, April 16, 1961, and that Dr. Hatchette discharged said patient on March 9, 1962. She was not confined to the hospital, but was treated by the doctor at his office. This treatment consisted of physiotherapy, sedation, bracing of the cervical spine and traction.
Under the circumstances, we believe that the award of the trial judge is neither excessive nor inadequate.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of Fidelity and Casualty Company of New York, and against James E. Barras and Mrs. James E. Barras, rejecting their demands and dismissing their suit. It is further ordered, adjudged and decreed that there be judgment in favor of Mrs. Rene Fuselier and against Fidelity and Casualty Company of New York and Trinity Universal Insurance Company, in solido, in the sum of $2,890.00, together with interest at the rate of 5% per annum from judicial demand until paid. Defendants to pay all costs of court in the district court and in this Court.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.