YARRUT, Judge.
This is a suit by Plaintiff to recover $198.70, and a reconventional demand by Defendants to recover $300.00, and legal interest for their respective automobile property damages resulting from a highway collision. Plaintiff was the driver and owner of an automobile involved, and Defendants are the mother of the 15-year old boy driving her automobile at the time; and her liability insurer.
The collision occurred about 5:30 P.M. (after dark), December 14, 1960 on U. S. Highway 96, near Boutte, St. Charles Parish. The weather was cold, and it was raining.
The Highway is a black-topped, single roadway, with two lanes for opposing traffic, a white line down the center dividing the two lanes.
Both parties charged the other with negligence in failing to accord the right-of-way to the other, not keeping a proper lookout, driving without regard to the other, and excessive speed. Defendant reconvened for damages and, alternatively, pleaded Plaintiff’s contributory negligence. The property damage suffered by each was stipulated.
Briefly, the accident occurred when Plaintiff was making a left turn to cross the highway when the automobile, driven by the 15-year old boy, approaching from the rear, collided with his.
The driver of Defendants’ automobile was clearly negligent in driving at an excessive speed under the prevailing conditions and in not keeping a proper lookout. The question then narrows to whether *112 Plaintiff was guilty of contributory negligence. The District Court cited Johnson v. Wilson, La.App., 97 So.2d 674, as authority for judgment for Plaintiff. However, this case was reversed on certiorari by the Supreme Court, 239 La. 390, 118 So.2d 450, on facts identical with those here. The District Judge in reasons for judgment, inter alia, stated:
“Plaintiff testified * * * That as the front of his car crossed the middle of the road he was hit on the left rear of his vehicle. It was dark and raining, the windows were up in his car and he could not see well out of the rear window, but his blinking lights were on and the left front blinking light was working after the accident. The rear left light was broken by the collision.”
In the Johnson v. Wilson case, supra, the Supreme Court held that an automobile driver did not have the legal right to commence a left turn by driving over the center line, when confronted with unfavorable traffic conditions, and was negligent in failing to check to his rear and wait until the following vehicle either slowed or overtook his truck, citing LSA-R.S. 32:235(B), 32:237(E). Because of the rain and other unfavorable weather conditions prevailing, which required Plaintiff to keep his windows closed, and prevented him from seeing through his frosted rear window to observe Defendants’ automobile approaching from his rear, Plaintiff should have been more cautious, rather than depend upon his rear blinking directional light. Plaintiff’s contributory negligence is shown further in that, by his own admission, he pulled considerably over to the right edge of the road before beginning his left angling turn, thus misleading any following motorists as to the action he would take. Ruple v. Travelers Indemnity Company, La.App., 129 So.2d 240; Jenkins v. Fidelity & Casualty Company of New York, La.App., 92 So.2d 120.
Finding that both drivers were guilty of negligence in causing the collision, we must dismiss both suits.
For the above and foregoing reasons, the judgment of the District Court in favor of Plaintiff is annulled and set aside, and judgment dismissing Defendants’ reconven-tional demand is affirmed; all costs to be paid by the litigant incurring such costs.
Reversed in part; affirmed in part.