SAVOY, Judge.
The plaintiff, Robert J. Boyle, Sr., filed this suit on behalf of his minor son, Robert J. Boyle, Jr., eighteen years of age, for *472 damages for personal injuries received by young Boyle in a collision between his motorcycle and an automobile being driven by Mr. John P. Micelle, Jr. The defendant is Travelers Insurance Company, liability insurer of the automobile. In the district court a jury awarded plaintiff, individually, the sum of $2,700.00 (for medical expense and special damages), and on behalf of his minor son, the sum of $2,300.00 (for pain, suffering and disability to young Boyle). Plaintiff appealed devolutively, asking an increase in'the award. Defendant appealed suspensively, asking a reversal of the lower court judgment.
The facts show that at about 3:30 P.M. on March 23, 1962, during clear, dry weather, the plaintiff’s minor son, Robert J. Boyle, Jr., was driving his motorcycle south on Ryan Street in the City of Lake Charles, approaching 17th Street which forms a T-intersection from the east with Ryan Street. At this particular location, Ryan Street is 60 feet in width, containing 2 northbound and 2 southbound traffic lanes, each side being 30 feet in width. When he reached a point about 30 feet south of the intersection of 17th Street, which point is immediately in front of the display room of W. F. Wilson Motor Company on the west side of Ryan Street, young Boyle collided with the extreme right rear of the Micelle automobile, which had been traveling north on Ryan Street and had made a left turn to^ go into Wilson Motor Company. The point of impact was 3½ to 4 feet from the west edge of Ryan Street. The front of the motorcycle struck only the rear 1 foot of the right rear fender and bumper of the automobile. The front portion of the Micelle vehicle was on the parking apron of Wilson Motor Company at the time of the collision. As a result of the accident, Robert Boyle, Jr. sustained a compound fracture of the lower portion of his right tibia and fibula, requiring open reduction, prolonged hospitalization and medical care with skin grafts and leaving the leg permanently partially disabled.
The first issue is whether the driver of the left turning automobile was negligent.
In the recent case of Moorehouse v. Gallow, (La.App., 1 Cir., 1963), 156 So.2d 62, the court stated the general rule of law as- to a driver making a left-hand turn, to-wit:
“ ‘Under the well settled law of this State, the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Leonard v. Holmes and Barnes, Ltd., 232 La. 229, 94 So.2d 241 (1957); Washington Fire & Marine Insurance Co. v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); LSA-R.S. 32:236(A). Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his hand or putting on his directional signal light, but he should look before turning to first see if such movement can reasonably be made in safety. Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Jenkins v. Fidelity & Casualty Company of New York (La.App., 1 Cir., 1957), 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Insurance Co. (La.App., 3 Cir., 1960), 124 So.2d 331.’ ”
In the insant case, Micelle could have avoided the accident by driving in the driveway of Wilson Motor Company with more caution and waiting until the motorcycle had passed to his right before attempting to cross Ryan Street. This Court is of the opinion that he was grossly negligent in not exercising more care in negotiating the left-hand turn.
The next question for determination is whether the plaintiff’s minor son was con-tributorily negligent so as to bar recovery in the instant case.
*473 Boyle testified that he was driving his motorcycle within the speed limit (35 miles per hour) in a southerly direction on Ryan Street, and that the driver of the car, Micelle, darted out in front of him so that he was unable to avoid the accident. Plaintiff and two witnesses working for Wilson Motor Company stated that plaintiff’s minor son looked momentarily to the left prior to the accident. The jury heard all of the witnesses, and, apparently, believed the testimony of young Boyle. Defendant did not ask for a new trial prior to the signing of the judgment in the district court. We therefore conclude that under the evidence in the instant case there is sufficient evidence for the jury to find that Boyle was not contributorily negligent, and we so hold.
Plaintiff has asked for an increase in the award as to his minor son’s injuries sustained in the accident. The jury awarded him $2,300.00. We are of the opinion that in view of the serious injuries suffered, which have been detailed in this opinion, the jury award was inadequate and should be increased to the sum of $7,500.00.
For the reasons assigned, the verdict of the jury and the judgment of the district court is amended by increasing the award to plaintiff for the use and benefit of his minor son, Robert J. Boyle, Jr., from the sum of $2,300.00 to $7,500.00; as thus amended, the judgment is affirmed in all other respects at appellant’s costs.
Amended and affirmed.
CULPEPPER, J., dissents with written reasons.