205 So.2d 617 (1967)
William C. HUNTSBERRY, Plaintiff-Appellee,
v.
MILLERS MUTUAL FIRE INSURANCE COMPANY et al., Defendant-Appellant.
No. 2222.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1967.
*618 Plauche & Plauche, by Thomas W. Sanders, Lake Charles, for defendant-appellant.
Nathan A. Cormie & Assoc., by Robert E. Morgan, Lake Charles, for plaintiff-appellee.
Before HOOD, CULPEPPER and LEAR, JJ.
HOOD, Judge.
Plaintiff, William Huntsberry, claims damages for personal injuries allegedly sustained by him as a result of a motor vehicle collision. The suit was instituted against Collins D. LaFleur, the driver of one of the cars involved in the collision, and his liability insurer, the Millers Mutual Fire Insurance Company of Texas. The case was tried by jury and it resulted in a verdict in favor of plaintiff for $2,000.00. Judgment was rendered in accordance with that verdict, and the defendants have appealed. Plaintiff has answered the appeal praying that the amount of the award be increased.
The principal issue presented on this appeal is factual, and that is whether plaintiff was in the process of making a left turn when the collision occurred. Plaintiff contends that he was not making a left turn, that he had brought his car to a stop on his extreme right side of the highway, and that it was struck by defendant's car while it was stopped in that position. Defendants contend that plaintiff was engaged in making a left turn into a private driveway when the cars collided, and that he thus is barred from recovery by his own contributory negligence.
The accident occurred about 5:00 p. m. on January 20, 1965, on East Prien Lake Road, a graveled road, in Calcasieu Parish, Louisiana. This road is about 40 feet wide at that point, and it is straight and flat. It was daylight when the collision occurred, the weather was clear and dry, and visibility was good. The legal speed limit on Prien Lake Road at that point was 60 miles per hour.
Plaintiff Huntsberry had been driving his automobile in a westerly direction on East Prien Lake Road. The only other occupant of the automobile was Harry Andrews, whose home was located on the south side of East Prien Lake Road. Plaintiff was *619 taking Andrews to his home, and he concedes that he intended to make a left turn from Prien Lake Road into a private driveway which led from that road to Andrew's residence. At the same time defendant LaFleur was driving his automobile in a westerly direction on Prien Lake Road behind plaintiff's car. Defendant's wife, Mrs. LaFleur, was the only other occupant of his automobile at that time. The LaFleur vehicle overtook plaintiff's automobile, and the two cars collided at a point about where Prien Lake Road is intersected or joined by the private driveway leading to the Andrews home. The right front fender of defendant's car struck the left front wheel and fender of plaintiff's automobile.
Plaintiff's testimony as to how the accident occurred differs materially from the account of the accident given by defendant LaFleur. Plaintiff testified that as he was driving west on Prien Lake Road, and before he reached the private driveway leading to the Andrews home, he looked in his rearview mirror and saw the LaFleur vehicle overtaking him from the rear. He stated that the overtaking vehicle was about a block behind him. He realized that he could not safely make a left turn at that time, so he testified that he turned on his directional signal lights indicating that he intended to make a left turn, and he then drove to the north shoulder of the highway and brought his car to a stop on that shoulder, intending to wait at that point until the overtaking LaFleur vehicle had passed him. He testified that the LaFleur car then began to skid on the highway, and that it skidded into his automobile, the collision occurring on the extreme north side of the highway. He stated that the right front fender of defendant's automobile struck and became "hooked" to the left front fender of plaintiff's car, and that the momentum of the LaFleur vehicle dragged plaintiff's car in a southwesterly direction a distance of about twenty feet to a point near the center of the highway where it came to rest.
Huntsberry stated that he had been stopped "not over a minute or two" before the collision occurred, that the right side of his car was two feet from the north ditch of the road at that time, and that he had turned his car "just a little bit" toward the south before he stopped it. He testified that the LaFleur car skidded "sort of crooked" and that it was turned "sort of toward north a little bit" as it skidded into plaintiff's car.
Defendant LaFleur testified that he approached the point where the accident occurred at a speed of 35 or 40 miles per hour, that he saw the Huntsberry vehicle ahead of him, and that he saw no directional signals of any kind given by plaintiff before the vehicles collided. He stated that as he was overtaking the Huntsberry car, the latter pulled to its extreme right side of the road and stopped near a mail box, and that he thought the driver "was getting his mail or something." He testified that when he reached a point approximately 40 feet from plaintiff's vehicle, plaintiff then suddenly caused his car to begin moving forward and to turn to his left, and that he then drove his vehicle directly in the path of defendant's approaching automobile. LaFleur stated that he applied his brakes immediately, causing his tires to skid on the gravel road, but that he was unable to avoid a collision. He stated that the right front fender of his automobile struck the left front fender of the Huntsberry vehicle or the latter was making a left turn, that the collision occurred in the center of Prien Lake Road at a point where that road is intersected by the private driveway leading to the Andrews home, and that the Huntsberry car was facing at about a 45 degree angle to the southwest when the cars collided.
Andrews did not testify at the trial, and we find no evidence in the record to support plaintiff's version of how the accident occurred. LaFleur's account of the accident is supported by the testimony of his wife, and by the testimony of the state trooper who investigated the accident shortly after it occurred.
Luther C. McCall, the state trooper who investigated the accident, testified that *620 when he arrived at the scene both cars were "approximately in the center of the road" and "right even with the private drive." He found that defendant's car had left skid marks 30 feet long leading up to the point where it came to rest in the center of the road. He apparently found no skid marks which could have been made by plaintiff's car, although plaintiff contends that his car was "dragged" 20 feet by the force of the impact.
We think the evidence supports defendant's version of the manner in which the accident occurred. The undisputed evidence establishes that the two cars came to rest in the center of the highway after they collided. There were skid marks leading to defendant's vehicle, showing that LaFleur's car was in the center of the highway at the time of the collision. There were no skid marks leading to plaintiff's car, which indicates to us that plaintiff was incorrect in his recollection that his car was "dragged" 20 feet after it was struck. Even if we assume that the collision occurred exactly as described by plaintiff, we are unable to rationalize how plaintiff's car could have been knocked or "dragged" in a southwesterly direction, toward the center of the road, by the momentum of defendant's automobile. It is obvious, we think, that if the collision occurred as stated by plaintiff the Huntsberry car would have been knocked in a northwesterly direction, or into the ditch on the north side of the road, rather than in a southwesterly direction toward the center of the road.
We are aware of the rule that the findings of fact by a trial judge or jury, particularly those involving the credibility of witnesses, are entitled to great weight on appeal, and that those conclusions as to facts will not be disturbed unless found to be clearly erroneous. Evers v. State Farm Mutual Automobile Ins. Company, 187 So. 2d 217 (La.App.3d Cir.1966). In the instant suit we are unable to determine what the findings of the jury were as to the facts, since only a general verdict was rendered. If we assume, however, that the jury found the facts to be as contended by plaintiff, then we must hold that it was clearly erroneous in making that determination of the facts. Our conclusion is that the accident occurred substantially in the manner described by defendant LaFleur, that plaintiff was engaged in making a left turn when the cars collided, and that the point of impact was near the center of the road.
LSA-R.S. 32:104(A) provides that "No person shall * * * turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." (Emphasis added.)
A motorist who attempts to make a left turn on a public highway must ascertain before making the turn that it can be negotiated in safety, and when an accident occurs as a left turn is being made the burden rests heavily upon the driver who was making the left turn to explain how the accident occurred and to show that he was free from negligence. Hoover v. State Farm Mutual Automobile Ins. Co., 185 So. 2d 548 (La.App. 1st Cir.1966, Writ refused, 249 La. 473, 187 So.2d 446); Catania v. Fidelity & Casualty Company of New York, 182 So.2d 565 (La.App. 1st Cir.1966); Scott v. Hardware Dealers Mutual Insurance Company, 189 So.2d 29 (La.App. 1st Cir. 1966); Cashio v. Moody, 190 So.2d 517 (La. App. 1st Cir.1966); Fernandez v. Aetna Casualty & Surety Company, 180 So.2d 828 (La. App.4th Cir.1965); Deshotels v. United State Fire Insurance Company, 132 So.2d 504 (La.App.3d Cir.1961, Cert. denied); Liddell v. New Orleans Public Service, Inc., 128 So.2d 80 (La.App.4th Cir.1961, Cert. denied); Guidry v. United States Casualty Co., 134 So.2d 319 (La.App.3d Cir.1961); Johnson v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 331 (La.App.3d Cir. 1960).
We think plaintiff in the instant suit was negligent in turning to his left in the *621 path of the overtaking LaFleur vehicle at a time when it should have been obvious to him that such a maneuver could not be made safely, and we feel that his negligence in that respect was a proximate and contributing cause of the accident. Since plaintiff was engaged in making a left turn at the time the accident occurred the burden of proof rested upon him to show that he was free from negligence. In our opinion he has failed to meet this burden of proof.
Having concluded that plaintiff was negligent, and that his negligence was a proximate cause of the accident, it is unnecessary for us to consider the question of whether the defendant also was at fault, since in either event plaintiff is barred from recovery by his own contributory negligence.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendants and against plaintiff, rejecting plaintiff's demands and dismissing this suit at plaintiff's costs. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.