SAVOY, Judge.
This is an action for damages instituted by Samuel Doug Lucius for personal injuries sustained by his daughter, Sherry Ann Lucius, and for medical expenses sustained by him.
On the afternoon of May 2, 1967, in the Town of Hornbeck, Louisiana, Sherry Ann Lucius received minor abrasions to her face which became infected and later required medical care. The child received abrasions either by falling face-down in some gravel, or because she was struck by an automobile being driven by Grace Cross, wife of William Cross, who was insured by the Stonewall Insurance Company.
The accident occurred on a gravel driveway or turn-around in front of the Cross home. On the date of the accident the Cross vehicle was parked in front of the residence. Mrs. Cross came out of the house, got into the automobile and proceeded to make a U-turn using the circular driveway. Sherry Ann Lucius, who along with her brothers and sisters, was being taken care of by the Crosses, ran after the automobile and either fell, face-down in the gravel, or was struck by the automobile. At the time of the accident, Sherry Ann Lucius was a • child of only eighteen months.
The trial court awarded $2,500.00 to Samuel Doug Lucius for the use and benefit of the minor, Sherry Ann Lucius, and awarded $363.50 to Samuel Doug Lucius individually. Stonewall Insurance Company and William Cross effected a sus-pensive appeal. The appeal was answered by the plaintiffs who pray that the award be raised to $5,000.00.
Counsel for both defendant and plaintiff agree that there are only three major issues for this court to decide. These issues are first, whether the child fell or was struck; second, whether Mrs. Cross was negligent if the child was struck; and third, the issue of quantum.
I
Did Sherry Lucius fall or was she struck by the automobile? This question cannot be answered without going into the testimony given at the trial.
The record of the trial indicates that at the time of the accident there were some five witnesses to the accident. Of these the defendant produced William Cross, the husband-defendant, Eulla Mae Bonner and Ronald Prewitt. Grace Cross gave a statement to a representative of the defendant and then was never heard of again. Plaintiff’s only eye witness was Laura Lucius, the ten year old daughter of plaintiff.
This court is somewhat amazed at the problems that counsel encountered in acquiring evidence and testimony on which to base their respective positions. To simplify matters, it was alleged by both *845 counsel that there were misrepresentations of the facts by each other’s witnesses. Some of defendant’s witnesses testified that plaintiff tried to bribe them. Plaintiffs testified that defendant’s witnesses were not telling the truth because they had been threatened by the defendant, William Cross.
By his decision, the lower court evidently did not believe any of the defendant’s witnesses. He found without question that the vehicle driven by Mrs. Cross had struck the child. He stated that he based his ruling on the testimony of Laura Lucius, the ten year old sister of the plaintiff’s daughter, and on the findings of the medical expert. This expert testified that, due to the particular injuries the child received, he believed she had been struck.
This court is not at liberty to find that the lower court’s reasoning, as to who or why some of the witnesses were not telling the truth, was wrong, unless there was manifest error. Applicable here is the well established rule that findings of fact by the trial court, particularly those involving the credibility of witnesses are entitled to great weight on appeal, and that determinations made by the trial judge as to the facts will not be disturbed unless found to be clearly erroneous. Evers v. State Farm Mutual Automobile Insurance Co., 187 So.2d 217, 222 (La.App.3d Cir., 1966), and Huntsberry v. Millers Mutual Fire Insurance Co., 205 So.2d 617 (La. App.3d Cir., 1967).
As to the question of whether the child fell or was struck, we will consider ourselves bound by what the lower court found. The trial judge was able to observe the demeanor of the witnesses and therefore was a much better judge of their character, truthfulness, and general credibility. However, we shall limit our adoption of the trial court’s decision only up to the point that we rule that the automobile did strike Sherry Ann Lucius.
II
If the child was struck by the Cross vehicle, was the driver, Grace Cross, negligent?
Accepting the fact that the automobile did strike the child, we still do not know the facts surrounding the accident. With the exception of the testimony of plaintiff’s only eye witness, Laura Lucius, and the medical testimony of Dr. Fraser, the facts of how the automobile came to strike the child were not brought out.
Laura Lucius testified that just prior to the time that Mrs. Cross was getting ready to leave, she had moved to a position near the porch on the house, and that therefore she was able to witness what happened. Defendant’s witnesses, particularly Mr. Cross, testified that at the time of the accident, Laura Lucius was south of the area, near the main gravel road, throwing rocks at a railroad track. The trial court decided in favor of Laura Lucius’s testimony, and in essence, ruled that she was in a position to see and did see what happened.
Laura Lucius testified that Mrs. Cross had directed her husband to gather the children near the house because she was preparing to leave. She also testified that her sister, Sherry Ann, desired to accompany Mrs. Cross in that when Mrs. Cross got into the vehicle and started to move, Sherry Ann Lucius left the porch and ran after the automobile. She either caught up with the automobile or got in front of it, so that the right front fender and tire of the automobile struck her. The automobile then passed the point of impact, stopping some five to six feet beyond where the accident occurred.
Again, it would seem that we are discussing the question of whether or not the accident actually happened, but beyond this the facts are few. When we get into the question of negligence, we find that the record is bare. In fact, the opinion of the trial court does not mention the word *846 negligence, nor does he give a basis for his reasoning that the ultimate judgment should be in favor of plaintiff. There is only one instance in the record, that this court could find, where negligence could be insinuated. In the questioning of Laura Lucius, she was asked:
“Q. Do you know what part of the car struck the child — what struck your little sister?
“A. The front end.
“Q. Now had your little sister run in front of the car, is that what happened?
“A. Yes sir.
“Q. She ran in front of it?
“A. Yes sir.
“Q. What did you say?
“A. Yes sir.
“Q. Where had your little sister run from in order to get to the car?
“A. She ran in to the front end of the car.
“Q. I know, but she had run from what ? the porch ?
“A. Yes sir.
“Q. She had run from the porch?
“A. Yes sir.
“Q. And ran in front of the car?
“A. Yes sir.
“Q. Is there anything there which would have kept Grade from seeing this child if she had looked?
“A. I don’t know." (Emphasis ours.)
We submit that this falls far short of proof of negligence.
It is inconceivable that an eighteen month old child could really have run fast enough to cover the fifteen feet distance from the porch and the seventeen foot length of the automobile so as to arrive at a position where she could be struck by it in the manner testified to by Laura Lucius. She would have had to outrun the automobile and to get in front of it on the right side when in fact the automobile was in the process of turning left.
Even if we suppose that the accident happened in this manner, it is impossible to see the negligence on the part of Grace Cross. Many more elements than the simple fact that an accident occurred are necessary to prove a cause in negligence. The record is bare as to essentials like did she see the child, could she or should she have seen the child, and was the accident avoidable.
The testimony of all the witnesses is that Sherry Ann Lucius was near the porch, and that Mrs. Cross had given instructions that the children be kept there. Under these circumstances, she had no obligation to keep a lookout for the child, or if she had such an obligation there is no evidence upon which to base a finding that she did not bear the duty to maintain a proper and careful lookout for the child. It is to be noted that her line of travel was forward, away from the place where the children were when she began, so as to distinguish this case from those involving accidents occurring when a driver is in the process of backing an automobile.
It is the duty of plaintiff to bear the burden of proving, by a preponderance of the evidence, his cause. Plaintiff alleged negligence and the lower court ruled in his favor. This court finds itself unable to sustain such a finding, and we find that the lower court was manifestly erroneous in its interpretation of the facts if it found that there was negligence in this case.
Ill
Having resolved the issues in favor of the defendant-appellants, there is obviously no need for us to discuss the issue of quantum.
*847 To resolve this matter, it would probably be better to remand the case and reopen the record for introduction of evidence as to negligence. However, in view of the problems that counsel have had with the witnesses, this court finds that such an action would be futile. Under the power granted this court by the Constitution, we shall make a new finding of fact. We agree with the lower court in saying that the child was struck, but disagree with its ruling in that the evidence in the record does not sustain a finding of negligence. Costs to be paid by plaintiff-appel-lee.
Reversed.
TATE, J., concurs.
FRUGÉ, J., dissents for the reason that trial judge correctly disposed of all issues.