HOOD, Judge
(dissenting.)
I disagree with my colleagues in their holding that Mr. Tietje, the driver of the overtaking vehicle, was negligent.
The majority has found that Tietje was negligent solely and only because he attempted to overtake and to pass Guillory at an “intersection,” as that term is used in LSA-R.S. 32:76. In my opinion the road junction at which this collision occurred was not an “intersection,” within the meaning of the abovecited statute, and that the majority has erred in holding that it was. I think the majority opinion is contrary to the established jurisprudence of this state.
..The accident occurred in a rural area on Louisiana Highway No. 27. That highway is a hard-surfaced, two-laned, straight, level, heavily traveled thoroughfare. It runs north and south and it is the principal route provided for vehicles traveling between Lake Charles and Cameron. The speed limit on that highway is 60 miles per hour.
At the point where the cars collided, a shell road running east and west joins or runs into the east side of the highway, forming a “T” intersection. This shelled road is very narrow, being only 20 feet wide. There were no signs, lights or markers of any kind on Highway 27 indicating that a road of any kind joined the highway there. And, there were no “stop” or “yield” signs on the shelled road warning motorists on that road to stop or yield before entering the highway. The center line of Highway 27 was clearly marked with white paint, but there were no “no-passing” yellow lines on the highway anywhere near the place where it was joined with the above-mentioned shelled road.
The State Trooper who investigated the accident testified that the shelled road was a ‘rparish road,” but that it was such a minor thoroughfare that it had never been assigned a number or a name, and that he “couldn’t even get a nickname for it.” He stated that the shelled road “was not visible from a distance to identify it as an intersection,” that the shelled road could be seen at a distance of “a hundred yards, if you were looking for it,” but that he has “gone past it a number of times not realizing that I had passed it.”
*776 The majority observes that Tietje admitted that the intersection could be seen “for a distance of 350 to 400 feet.” My colleagues, however, have taken that statement out of context, and have completely misunderstood Tietje’s testimony. Tietje stated that at the time the accident occurred there were high weeds along the east shoulder of the highway which completely obscured his view of this junction. A few days after the accident occurred, however, the highway department cut the grass at the intersection, and Tietje testified that after the grass was cut the crossing could be seen for a distance of 350 to 400 feet. His testimony is very positive, however, that at the time the collision occurred the intersection could not be seen at any such distance. He stated, “that grass was 3 to 4 feet high when this accident happened,” that “you couldn’t even see this * * that “you weren’t able to see that because the grass had growed up about this high * * that “you couldn’t see it driving down the highway * * * absolutely not,” that “there was no way in the world to see it,” that at the time the accident occurred no one could see “this shell fanning out where it meets Highway 27.” Tietje agreed with the testimony of the Trooper that the shell road was visible for a distance of 100 yards after the grass had been mowed, but he specifically disagreed with plaintiff’s implication that such a condition existed at the time of the accident. Tietje’s testimony to that effect was:
“I disagree with it this way; that grass was up there three foot high, and is visible — the shell that shows up now wasn’t visible at that time. That highway had been mowed.”
Tietje’s testimony as to the existence of high grass on the east shoulder of the highway at the time the accident occurred, and as to the cutting of the grass a few days later, was not contradicted, but on the contrary is supported by the other evidence.
In Sonnier v. Great American Insurance Company, 134 So.2d 363 (La.App. 3 Cir. 1969), the facts were almost identical with those presented here. We held there that the defendant driver was not negligent in attempting to overtake and pass a motorist at a “T” intersection, because: (1) There was no sign designating the side road; and (2) there was no yellow “no-passing” line on the highway at that point. In that case we said:
“Defendant acted as a reasonable person in attempting to pass plaintiff at or near the junction of the gravel road and the highway which forms a “T” intersection for the reason that there was no sign designating the side road and there was no yellow line along the center of the highway to warn of the danger of overtaking and passing vehicles at the intersection.” (Emphasis added.)
The holding of the majority in the instant suit is directly contrary to our decision in the Sonnier case.
The collision involved in United States Fidelity and Guaranty Co. v. Duet, 177 So.2d 302 (La.App. 1 Cir. 1965), occurred at an intersection between Louisiana Highway No. 38 and a road known as Duet Lane. Both of these thoroughfares were hard-surfaced, and one was only slightly wider than the other, the highway being 22 feet wide, and Duet Lane being from 18 to 20 feet wide. The Court of Appeal, First Circuit, held that the junction of these two thoroughfares was not an “intersection” as provided in LSA-R.S. 32:76 because: (1) There was no intersection sign; (2) there was no caution light; and (3) there were no “no-passing” yellow markings on the state highway in that area.
The facts in the instant suit seem to me to be much stronger in favor of the insured, Tietje, than the facts in the Duet case were to the driver of the overtaking vehicle there.
In Crane v. London, 152 So.2d 631 (La.App. 2 Cir. 1963), our brothers of the Second Circuit held that the driver of the *777 overtaking vehicle was not negligent in passing a car at the intersection of the highway on which they were traveling and a narrow dirt road. The reasons assigned were that “the intersecting road is a narrow dirt road neither posted nor marked by signals or lines indicating a no-passing zone.” The court held, “The road was not an intersecting highway within the intendment and purpose of the statute (LSA-R.S. 32:233 subd. E), prohibiting the overtaking and passing of motor vehicles at intersections.”
Numerous cases to the same effect are cited in each of the above-mentioned cases, and also in Normand v. American Home Assurance Company, 171 So.2d 804 (La.App. 3 Cir. 1965).
The only case cited by my colleagues to support their holding in this suit is Fontenot v. Pan American Fire and Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1968). That case involved an accident at an intersection within the city limits of Kinder, Louisiana. Both of the intersecting streets were two-lane, blacktopped city streets. We held that the overtaking motorist was guilty of negligence in passing at that intersection, because we concluded that “this was a hard-surfaced street within the city limits of Kinder, readily observable to approaching motorists as a city street leading into a residential area.” That case thus is not applicable to the instant suit.
If the well-established jurisprudence of this state should be applied to the facts presented here, the inescapable conclusion would have to be that the junction at which this accident occurred was not an “intersection,” within the meaning of LSA-R.S. 32:76. That conclusion must be reached, even if the shell road had been visible to Tietje long before he reached it, because in any event he had the right to assume that it was no more than a private driveway or lane, as it appeared to be.
I think the overtaking driver, Tietje, was completely free of any negligence, and that my colleagues have erred in finding that he was partly at fault.
For these reasons, I respectfully dissent.