GLADNEY, Judge.
This suit was instituted by Arthur R. Choppin and his insurer, Louisiana Fire Insurance Company, for the purpose of collecting for property damage sustained by Choppin’s automobile in a collision with a motor vehicle owned and operated by defendant, William B. Conly. The defendant has denied any act of negligence on his part and, averring the collision was solely the fault of Choppin, alleged a demand in reconvention for recovery of medical expenses, damages for personal injuries, and for reimbursement for damage to his automobile. The reconventional demand was filed- by the defendant on October 4, 1956, and was met by a plea of prescription of one year, filed on behalf of the plaintiff Choppin, it being alleged therein more than one year had elapsed since the occurrence of the accident on April 22, 1955.
The trial court sustained plaintiff’s plea of prescription and, after a trial on the merits, rendered judgment in favor of the plaintiffs. From the decree so rendered, the defendant has appealed.
The accident which gives rise to this lawsuit occurred about 5:30 o’clock P.M., April 22, 1955, near the residence of A. B. Norrid on Louisiana Highway No. 7, between Coushatta and Ringgold in Red River Parish. The defendant, William B, Conly, at the time of the accident was driving south along the highway and attempting to make a left turn from the west side of the highway toward the east, in order to enter the driveway at the residence of Mr. Norrid. While Conly was engaged in this maneuver, the automobile driven by Choppin approached from the south and struck the right front side of defendant’s car and it was knocked around until it was headed north. Choppin’s automobile came to rest after striking a mail box at the edge of the Norrid driveway about 40 feet beyond the point of impact.
Plaintiff alleges Conly was guilty of actionable negligence in not maintaining a proper lookout, in executing a left turn without giving any signal, and in attempting such a turn at a time when it could not be safely made. The defendant declares the accident was entirely caused by the negligence of Choppin in driving at an excessive rate of speed, in not having his auto-mobile under proper control, and in- failing to maintain a proper lookout.
A number of witnesses were .present at the scene of the accident when the collision occurred. Dr. A. R. Choppin was the only passenger in his automobile. Conly was accompanied only by his wife. Following closely behind Conly was a motor vehicle being operated by Leon P. Allums and in which Samuel D. Reeves was a passenger. William A. Norrid and Mrs. C. L. Woodard testified they did not see the occurrence of the accident but came upon the scene shortly thereafter. Sgt. E. C. Clinton gave information obtained upon his investigation which depicted the position of the two vehicles at rest and skid marks made by Ghoppin’s automobile.
Arthur R. Choppin testified he was traveling northerly at a rate of speed not in excess of 60 miles per hour; that the weather was clear; that when some 500 to 600 feet from the point of impact, he came over the *848 crest of a small hill and observed the approaching automobile driven by Conly, and when he was about ISO feet from Conly’s vehicle he realized Conly was engaged or about to engage in making a left turn. He said he then applied his brakes and attempted to turn to the right, but after skidding a distance of 108 feet the collision occurred.
Conly and Mrs. Conly testified they never did observe the approaching Choppin car until the collision occurred. Both said Conly gave the proper signal for a left-hand turn some distance before the turn was commenced. Allums and Reeves, who were following the Conly car, testified Conly gave the proper signal for a left-hand turn about 150 feet before commencing the turn. Neither of these witnesses observed the approaching Choppin automobile prior to the collision.
In arriving at a decision in favor of the plaintiff, the district judge found Conly was not properly observant before attempting the left turn across the highway, and that such negligence was the proximate cause of the accident. The testimony of Conly indicates he was watching the Allums car to his rear and was not looking ahead for the approach of the vehicles coming from the south. In this respect there can be no doubt as to Conly’s negligence.
Under the express provisions of LSA-R.S.. 32:235, subd. A, a motorist is enjoined to ascertain before executing a turn on any highway as to whether approaching traffic will be unduly delayed, and it is his duty to yield the right-of-way to such approaching traffic and not attempt to make a turn unless the way is clear. Furthermore, LSA-R.S. 32:236, subd. A, requires the driver of a vehicle traveling upon a state highway before starting, stopping or turning, to first see. that such movement can be made in safety. As a result of these statutory directions, the courts of this, state look upon- a left turn' as a dangerous, operation, which requires the exercise of the greatest care and caution in the performance thereof.
The evidence discloses that as Choppin neared the scene of the accident, he was traveling at a speed of approximately 60 miles per hour, which the defendant declares was excessive. But, we find such a speed under the instant circumstances was within the range permitted by law. The record is void of evidence tending to prove the rate of travel was excessive and violative of LSA-R.S. 32:227 prohibiting the operation of a vehicle at other than a reasonable speed under the circumstances. Choppin was not traveling at an unlawful speed. The locale of the accident was on an open road in the country with weather conditions normal and the highway straight and clear. The maximum statutory limit at that point is fixed at 60 miles per hour. Choppin testified he first realized Conly was about to make a left turn when the two vehicles were 150 feet apart. In this distance it was not possible for him to bring his vehicle to a stop and avoid the resulting collision. A motor vehicle proceeding at 60 miles per hour travels at the rate of 88 feet per second and under most excellent stopping conditions would require with reaction time, 207.1 feet to stop. See data table on stopping distances, 14 Tulane Law Review, p. 503, Mechanical Control in Automobile Law, by H. W. Barret. When it became apparent Conly was about to engage in a left turning maneuver it was too late for Choppin to avoid the accident.
For Conly to comply with the provisions of LSA-R.S. 32:236, subd. A, it should have been clear to him he could execute his turn without danger to any approaching vehicle. This he did not do, and, in our opinion, his failure to see the approaching vehicle of Choppin until the moment of actual impact was the proximate cause of the collision. Whether or not Choppin should 'have sooner observed the left-hand signal given by Conly is not controlling for the giving of such a signal must afford an opportunity to the approach *849 ing driver to operate his vehicle in such a manner as to avoid an accident. In this case the district court concluded that Conly was solely at fault and rendered judgment accordingly. We find no error therein.
Appellee’s counsel urges in brief that the plea of prescription filed on behalf of Arthur R. Choppin should be sustained. The plea was sustained by the trial judge but the judgment from which appealed does not reflect the action so taken. It is unnecessary, however, for us to pass upon this issue in view of our findings as here-inabove set forth.
For the reasons hereinabove stated, the judgment from which appealed is affirmed at appellant’s cost.