SAMUEL, Judge.
This suit for personal injuries and property damages arises out of a collision between a motorcycle owned and operated by plaintiff and an automobile driven by the defendant’s insured. Defendant has taken this suspensive appeal from a judgment in favor of plaintiff in the amount of $203.89 for stipulated damages to the motorcycle and $10,000, the policy limit, for medical expenses, loss of earnings, and pain and suffering resulting from personal injuries. Defendant seeks a reversal of the trial court judgment on the grounds that its insured was free from negligence and, alternatively, on the basis of contributory negligence on the part of plaintiff. No contention is made relative to quantum.
From our analysis of all the testimony and evidence adduced during the trial, we find the following facts:
The accident happened, shortly after 7 a. m. on a clear, dry and cold day in the early part of December, in the 7200 block of the Chef Menteur Highway, a heavily traveled and main artery highway running west-east into and through the western part of the City of New Orleans. At the time of the accident the highway was under construction. It had consisted of two lanes for traffic traveling west into New Orleans and two lanes for eastbound traffic and the purpose of the construction was to widen the highway so as to provide three lanes on each side of a neutral ground. The concrete paving had been completed and work, consisting chiefly of covering with asphalt, was going on in the eastbound lanes. The accident happened in the lanes ordinarily reserved for westbound traffic. The eastbound lanes were closed to traffic; two or three blocks before reaching the situs of the accident the eastbound traffic had been blocked off and detoured into one westbound lane, the lane next to the neutral ground. The westbound traffic was using the two remaining westbound lanes, i. e., the center and outside lanes; it had been-detoured into these two lanes two or three blocks before reaching the situs of the accident. There was no intersection and no neutral ground crossover at the point where the accident happened and at that point the roadway is straight for a considerable distance.
Plaintiff was riding his motorcycle in a westerly direction going to his work in New Orleans from his home in Slidell. He was traveling in the outside lane. The defendant’s insured was driving his automobile east in the westbound neutral ground lane reserved for eastbound traffic on that day; he was going from New Orleans to his work at a bank being constructed on the north side of the highway. He made a left turn for the purpose of going over the curbing to the construction point. In doing so he passed the traffic in the center lane,, which traffic had come to a stop, and' cleared that lane. But plaintiff’s motorcycle struck the defendant car in the vicinity of its right rear fender as the automobile crossed the outside westbound lane in which plaintiff was traveling.
At the time of the accident traffic in the neutral ground lane, the one occupied by the defendant vehicle, was extremely heavy as was westbound traffic in the center lane. There was less traffic in the outside lane, the one occupied by plaintiff. Traffic in the center lane was proceeding slowly, approximately 5 miles per hour or more, in a more or less “stop and go” fashion, and came to a complete stop, apparently to permit a crossing by the defendant car, shortly before the accident occurred. Traffic in the outside lane had been proceeding at a higher rate of speed and plaintiff was between 50 and 100 feet behind the vehicle immediately in front of him in his lane. *830 Plaintiff had been traveling at a speed of 25 to 30 miles per hour, within the speed limit, and was in the process of slowing down. He passed several stopped vehicles in the center lane before the collision occurred. He did not see the defendant vehicle until that car entered his lane approximately 25 feet away. At that time he applied his brakes but was unable to stop in time to avoid the collision. The driver of the defendant car did not see the approaching motorcycle; he became aware of that vehicle only when the collision occurred. It is apparent from the record that neither driver was able to see the other because of traffic in the center lane.
 We are satisfied that the driver of the defendant vehicle was guilty of negligence. Under our settled law . a driver who attempts to make a left turn on a public highway is under a heavy duty of care and must ascertain before making the turn that the same can be negotiated in safety; the burden is upon such a driver to explain liow an accident occurred and to show that he was free from negligence. Crane v. London, La.App., 152 So.2d 631; Madison v. Southern Farm Bureau Ins. Co., La.App., 120 So.2d 342; Brown & Williamson Tobacco Corp. v. Baumgardner, La.App., 92 So.2d 107; Codifer v. Occhipinti, La.App., 57 So.2d 697; Malone v. Fletcher, La.App., 44 So.2d 352. In making a left turn in the instant case the defendant’s driver proceeded across the outside lane in which traffic was moving without first ascertaining that the way was clear.
Defendant contends the plaintiff was guilty of contributory negligence in failing to keep a proper lookout, in driving in a ■careless and reckless manner under the circumstances, in driving at an excessive rate of speed and in passing vehicles on the right. It argues that the stopped vehicles in the center lane of traffic to plaintiff’s left should have alerted him to the possibility of a crossing automobile: and required that he proceed with greater caution, especially in view of the fact that the vehicles in the center lane blocked his vision to the left; that his speed was excessive under these conditions; and that passing vehicles on the right is contrary to law, particularly LSA-R.S. 32:71, subd. B. We find that defendant’s contention is without merit.
Especially in view of the fact that the accident did not happen at an intersection or at a neutral ground crossover and only one side of the highway was open to traffic, there was no valid reason for plaintiff to anticipate the comparatively open lane in which he was traveling would suddenly be blocked by a crossing vehicle. We attach no particular significance to the fact that traffic in the center lane was moving more slowly than that in the outside lane and had come to a stop just before the collision occurred. Traffic in the center lane was heavier than in the outside lane and therefore could be expected to be moving more slowly. And on a heavily traveled multiple-lane highway it is not unusual for traffic to be stopped in one lane and moving in an adjoining lane. Plaintiff was traveling well within the speed limit in a traffic lane sufficiently open to permit such travel and we do not feel that his speed was excessive under the circumstances.
LSA-R.S. 32:71, subd. B provides : “Upon all multiple-lane highways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the circumstances then existing, shall be driven in the right hand lane then available for traffic, except when preparing for a left turn at an intersection or into a private road or driveway, or passing or overtaking a vehicle proceeding in the same direction, if passing on the left side of it.” This statute has no reference to a vehicle which is not proceeding at less than the normal speed of traffic at the time and place and under the circumstances then existing. Clearly it has no application to the plaintiff in the instant case.
The judgment appealed from is affirmed.
Affirmed.