SARTAIN, Judge.
Plaintiff instituted this action to recover the sum of $272.19, representing damages to his automobile resulting from a collision which occurred on U. S. Highway 90 near the eastern limits of the Town of Pon-chatoula on November 19, 1965, at approximately 7:30 P.M. o’clock. The trial judge held that the drivers of both vehicles were guilty of negligence and denied plaintiff’s action. Plaintiff appeals from this adverse judgment.
U. S. Highway 90 at the scene of the accident runs in an east-west direction and consists of two lanes. Abutting said highway on the north is a country music establishment known as “Louisiana Hayride”. At the time of the accident cars were parked on both the north and south shoulders of the highway and in front of “Louisiana Hayride”. The highway was wet due to rains which had stopped a short time before the accident.
Defendant testified that he was proceeding in an easterly direction on said highway with the intention of turning to his left and parking in front of “Louisiana Hayride”. He stated that he observed plaintiff’s automobile at a distance of one block and determined that he had ample time to negotiate a left turn into the parking lot. He further stated that he had just about concluded his turn with only the rear 3 or 4 feet of his automobile remaining in the westbound lane of traffic when the right rear of his vehicle was struck by plaintiff’s automobile. He testified that plaintiff was traveling at a speed of 70 miles per hour, that plaintiff failed to appreciably slow the speed of his vehicle, and that after the collision plaintiffs vehicle traveled an additional 100 feet. Defendant contends that the accident was the result of the excessive speed of plaintiff’s vehicle.
Plaintiff testified that he was proceeding in a westerly direction of said highway at *11 a speed between 30 to 40 miles per hour and that he first observed defendant’s vehicle when he was a distance of 60 feet therefrom. On this first observation the front portion of defendant’s vehicle was off of the highway. He testified that he applied his brakes and skidded 20 to 25 feet before collision. He testified further that his vehicle stopped at or near the point of collision.
Officer Peltier of the Town of Pon-chatoula, investigated the accident and testified that defendant told him that he was in the process of backing up when his car was struck by plaintiff’s vehicle. Said officer further testified that the point of collision was 3jj4 to 4 feet south of the north edge of said highway and that plaintiff’s vehicle left no skid marks and stopped but a “few” feet from the point of collision. Defendant denied that he made the statement to Officer Peltier that he was in the act of backing up when the collision occurred.
The trial judge questioned plaintiff and plaintiff’s testimony generally reflects that at the moment of collision defendant’s vehicle was stopped. However, a close examination by us of plaintiff’s testimony does not indicate how long defendant’s vehicle had been stopped if in fact it was stopped.
We agree with the trial judge’s decision that defendant was guilty of negligence in making a left hand turn into a private parking area from a public highway without first ascertaining that the said maneuver could be conducted with safety. We must disagree with the trial judge and hold that he committed manifest error in his conclusion that defendant’s car was “already blocking the westbound lane” and that plaintiff’s failure to see defendant’s vehicle and to react accordingly was contributory negligence on plaintiff’s part.
If we take defendant’s version of the accident, defendant was not stopped or had not been stopped for a period of time sufficient for plaintiff to take evasive action or otherwise avoid the accident. Defendant was definite in his statement that he was in the process of turning when he was struck by plaintiff’s vehicle. This testimony is corroborated by defendant’s wife.
On the other hand, if we consider Officer Peltier’s testimony that defendant admitted to him that he was in the process of backing up, defendant was clearly negligent under the circumstances.
Plaintiff’s counsel urges that one of the reasons plaintiff’s testimony is indefinite as to whether or not defendant was moving or stopped when first observed by plaintiff is that defendant was in fact backing up in an effort to properly park his vehicle in the small spot available to him.
Our courts have consistently held that one of the most dangerous maneuvers on a highway is that of the left turn and particularly where the same is attempted in the face of oncoming traffic. McMorris v. Hanover Insurance Co., La.App., 175 So.2d 697; Fernandez v. Aetna Casualty & Surety Co., La.App., 180 So.2d 828; Williams v. LaFauci, La.App., 166 So.2d 42; Fairman v. Robert, La.App., 181 So.2d 459, and cases therein cited.
In order to concur with the trial judge’s determination of contributory negligence on the part of plaintiff, we must find that the plaintiff was in fact traveling at a fast and excessive rate of speed as contended by defendant. This is required because of plaintiff’s testimony that at the time he first observed defendant he was traveling between 35 to 40 miles per hour and was but 60 feet away. Plaintiff’s estimate of speed is fully supported by the physical facts as established by Officer Peltier who testified that plaintiff’s vehicle moved but a few feet following the impact. If defendant either made a left hand turn or even attempted to back up *12 such would have required only a matter of seconds and the whole scene would have flashed before plaintiff’s eyes in an instant, justifying his statement that defendant’s car was not moving.
We fully recognize that a finding of fact by the trier of fact is entitled to great weight and should only be upset when there is a clear showing of manifest error. A careful review of all of the testimony in this case particularly supported by the physical facts can lead us to no other conclusion but that the trial judge was in error in concluding that plaintiff failed to see that which he should have seen. The traverse of 60 feet at 35 to 40 miles per hour requires but seconds and it is not to be held fatal to plaintiff’s cause that he cannot say with absolute certainty whether defendant’s vehicle was in the act of moving at the moment of first observation from a distance of 60 feet. The record further shows that at the time of this accident cars were parked on both shoulders of the highway which could well have caught plaintiff’s eye and gained his attention for a few moments prior to impact. Defendant has cited several cases in support of the rule of law that stopping on a thoroughfare or highway is not actionable unless the same is a proximate cause of the collision. Defendant also referred to cases in which an approaching motorist had ample time in which to observe the stopped vehicle or through the exercise of proper care should have observed the same. We have reviewed these cases and do not find the same applicable to the facts herein presented. It suffices here to say that where defendant admitted he was in the process of making a left hand turn in the face of oncoming traffic said defendant bore the burden of proving that he could safely negotiate the same.
For the above and foregoing reasons the judgment of the trial court is hereby reversed and judgment is rendered herein in favor of the plaintiff and against the defendant in the amount of $272.19, together with legal interest thereon from date of judicial demand until paid and for all costs of court.
Reversed and rendered.