ELLIS, Judge.
These cases arise out of an automobile accident which happened on March 1, 1964, on U.S. Highway 11, within the limits of the town of Pearl River, St. Tammany Parish, Louisiana. The vehicles involved were a 1963 Dodge sedan, owned and operated by Wilton E. Thigpen, and a 1955 Chevrolet pickup truck, owned by Ambrose Weller d/b/a Holly Hill Nursery, and operated by Cleveland Cox. Mrs. Jessie Bell Thigpen was a passenger in the automobile driven by her husband, and Mrs. Walter Lee White Cox was a passenger in the truck operated by her husband. The Thigpen vehicle was insured by the Travelers Indemnity Company, and the truck was insured by The Aetna Casualty and Surety Company. The accident happened at about 7:00 p.m. on the above date, at which time it was raining, and the road was wet.
Cleveland Cox, who was operating the truck, with the full knowledge and consent of its owner, Ambrose Weller, testified that he, accompanied by his wife and twenty-three year old daughter, were going to Pearl River to church. At the point of the accident, U.S. Highway 11 is a two lane black top highway, and the speed limit was thirty-five miles per hour. The church to which he was going was situated a couple of blocks off the highway to the left, or West, thereof. The road leading to the church was a narrow gravel road. It formed a “T” type intersection with U.S. Highway 11 at the point where Cox attempted to make a left turn off the highway onto the gravel road.
Cox testified that as he approached the road, he touched his brakes lightly so as to flash the brake lights to warn the car behind him that he was planning to slow down. The truck was not furnished with a blinker turn signal. Cox further testified that he rolled the window down and made an arm signal, indicating his intention to make a left turn. He testified that he made this signal for a good while, but that before he started his turn, he did not check in his rear view mirror to see the location of the car behind him, because he was sure that his signal had been observed. At the time that he essayed the turn, he was proceeding at a very slow rate of speed.
According to the testimony of Mr. Thig-pen, he was driving at a speed of between forty and fifty miles per hour. He testified that when he came up behind the truck, he observed no flashing of the brake lights and no arm signal. He stated that he sounded his horn, and blinked his lights up and down several times to indicate his intention to pass. He further testified that after he had begun the passing maneuver and was in the left hand lane, the truck commenced to make the left hand turn. He stated that he applied his brakes and pulled to the left in an effort to avoid the collision, but was unable to do so and the two vehicles collided— the "front of the Thigpen vehicle striking the left side of the truck at about the edge of the paved portion of the highway and possibly somewhat on the shoulder thereof. Cox testified that he did not see or hear any of the efforts made by Mr. Thigpen to warn of his passing maneuver. Both Mrs. Cox and Mrs. Thigpen suffered personal injuries in the accident.
Mr. Thigpen brought this suit against Mr. Weller and his insurer, The Aetna Casualty and Surety Company, for property damages and community expenses in connection with his wife’s injuries. Mrs. Thigpen sued Weller, his insurer, and The Travelers Indemnity Company for her personal injuries. Mrs. Cox sued Aetna and Travelers for her personal injuries. The three suits were consolidated for trial on the merits. Thereafter, judgment was rendered in the first suit, dismissing Mr. Thig-pen’s demands, and in the other two suits awarding damages to Mrs. Thigpen and Mrs. Cox solidarily against all defendants.
Mr. Thigpen appealed the judgment against him, in case No. 7056. Travelers appealed suspensively, and Aetna devolu-tively in case No. 7116, and Travelers appealed suspensively in case No. 7117, the *527 Cox case. In the latter case, an answer to “the appeal filed herein by Aetna Casualty and Surety Company” was filed by Mrs. Cox, asking for an increase in the award to her from $1,000.00 to $4,500.00. Since no appeal was taken by Aetna, it is assumed that this answer was intended to apply to the appeal taken by Travelers in that case.
In ruling on the above cases, the district judge found the proximate cause of the accident to be Cox’s negligence in making a left hand turn without first ascertaining if it was safe to do so, citing R.S. 32:101(2) and R.S. 32:104. He further found that Mr. Thigpen did not comply with the provisions of R.S. 32:73 and 76, in that he attempted a passing maneuver when within one hundred feet of an intersection.
With respect to the conduct of Cleveland Cox, we find that the district judge was correct in finding him negligent. By his own testimony, he did not check to see where the car behind him was situated when he began to make his left turn, but rather assumed that his signal had been seen. This is, of course, in direct violation of the provisions of R.S. 32:104, which provides that such a turn cannot be made until it can be made with reasonable safety.
It is apparent from the evidence that Mr. Thigpen was operating his vehicle at a speed in excess of the legal, posted speed limit at the point of the accident. We further find that it was incumbent upon him to observe the left turn signal made by Cleveland Cox. Since he did not do so, he was negligent in failing to keep a proper lookout. We find that his negligence in each of the above respects is a proximate cause of the accident which happened.
The district judge found that Thigpen had violated the following provisions of R.S. 32:76:
“A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
“(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing.”
However, appellants argue that the intersection in this case was not such an intersection as is contemplated in the above section. In view of the holding as to Thig-pen’s negligence in other respects, we do not find it necessary to rule on this point.
For the above and foregoing reasons, we are of the opinion that the judgment of the district court in the case of Wilton E. Thigpen v. The Aetna Casualty and Surety Company, et al. No. 7056, is correct, and same is hereby affirmed at appellant’s cost.
As is customary in cases such as this, separate decrees will be rendered in each of the other two consolidated cases.
Affirmed.