LANDRY, Judge.
This suspensive appeal by defendants Guy Calíais and his liability insurer, American Indemnity Company (American), is from the judgment of the trial court awarding damages to plaintiffs Norma Williams (for personal injuries) and Edless Williams (individually and as administrator of the estate of his minor son, Scott Williams) for personal injuries and related expenses sustained and incurred in an automobile collision involving a car driven by plaintiff Williams and a vehicle by Ann Marie Calíais, minor daughter of defendant Guy Calíais. We are in accord with the decision of the trial court and affirm its findings in all respects.
The accident in question occurred June 16, 1965, on Louisiana Highway 1 (a paved two lane highway measuring seventeen feet, six inches in width) in Galliano, Lafourche Parish, Louisiana, opposite an establishment known as Falgout Funeral Home and situated on the west side of the roadway. At the scene of the accident the highway runs in a northerly-southerly direction adj acent to the west bank of Bayou Lafourche.
Plaintiff, accompanied by his wife and three minor children, was proceeding southerly along the highway in the direction of the aforesaid funeral parlor. Miss Calíais, parked on the east shoulder of the highway (between the road and the bayou), opposite the funeral home and headed in a northerly direction, drove onto the highway intending to turn left into the driveway of the mortuary to pick up her mother and grandmother who were awaiting her arrival. The left front of the Williams vehicle struck the left front of the Calíais automobile, the point of impact being one of the basic issues to be resolved.
Defendants-appellants contend the accident resulted solely from the negligence of plaintiff, Williams, who heedlessly drove his car into the Calíais vehicle which was stopped in the northbound lane to permit passage of the Williams automobile. Alternatively, appellants maintain Williams was guilty of contributory negligence in traveling at an excessive rate of speed and failing to avert the accident by swerving to his right and thus avoid striking the Calíais vehicle.
Plaintiffs, however, assert the accident occurred in plaintiff’s lane of travel and resulted from the negligence of Miss Calíais in attempting a left turn directly in the path of defendant’s automobile when Williams was no more than 10 feet distant. The is *114 sues presented for determination are, therefore, purely factual in nature.
The record discloses that both drivers were thoroughly familiar with the locale and were aware of an amber flashing caution light mounted on a pole between the east shoulder of the highway and the bayou north of the mortuary which device was customarily placed in operation when a funeral was in progress. It is conceded by all that the light was operating at the time of the accident/ Although the record does not so disclose with certainty, we gather that the situs of the accident was in an unincorporated area of the parish. The lawful speed limit is not shown by the evidence and under the circumstances we presume it to he 60 miles per hour. See LSA-R.S. 32:61.
Plaintiff Williams testified that as he approached the funeral home, in a drizzling rain with his windshield wipers operating, he observed the caution light in operation and reduced his speed from approximately 40 to 45 miles per hour to 20 or 25 miles per hour. He was traveling southerly in his proper lane of travel and first noticed the Calíais vehicle after he passed the caution signal at which time he estimated he was three or four hundred feet from Miss Cal-íais’ car which was moving slowly northward. According to Williams, Miss Calíais commenced her left turn when he was only five or ten feet distant whereupon he forcefully applied his brakes but nevertheless struck the left front fender of the Calíais automobile. After striking Miss Calíais’ car, his own vehicle skidded to the right and struck a vehicle parked on the west shoulder of the highway approximately 40 to 50 feet from the point of first impact. The parked vehicle was struck with force sufficient to propel it across the highway. Williams further deposed that at the time of collision with the Calíais car, the latter vehicle extended approximately two feet into the southbound lane facing the driveway of the funeral home at an angle.
The accident was investigated by Cooper Sampite, State Trooper, who testified in substance that upon arrival at the scene he • found the Calíais automobile straddled the highway with approximately half the vehicle situated in each lane of travel. He also observed the vehicle was facing westerly in the direction of the funeral parlor. Predicated on debris found on the highway, Trooper Sampite concluded the impact occurred in the southbound lane of travel.
Mrs. Williams’ testimony was simply that she was looking at the funeral home when the accident occurred and did not see the Calíais automobile.
E. J. Pitre, adjuster for General Adjustment Bureau, who investigated the accident on behalf of defendant American, determined by actual measurement that the caution light was situated 278 feet north of the driveway into which Miss Calíais intended to turn.
Miss Calíais in effect stated she drove her car onto the pavement from a parked position on the east shoulder of the highway and after traveling a short distance northerly along the road, noted the approach of the oncoming vehicle. She stopped in her proper lane of travel to allow Williams to proceed before commencing her left turn. She conceded stopping at an angle to facilitate her turn onto the premises of the funeral parlor but stoutly maintained she was struck while stopped completely in her own lane of travel. She stated further that at no time, either before or after the accident, did her car cross the center line of the road.
Mrs. Guy Calíais and Mrs. Forrest Cal-íais, mother and grandmother, respectively, of Miss Calíais, averred they were standing on the porch of the mortuary at the time of the accident. From this vantage point they observed that Miss Calíais did not cross the center line of the roadway prior to the collision.
*115 From the foregoing, which represents a fair analysis of the pertinent testimony, we conclude the trial court properly placed the point of impact in plaintiff’s lane of travel. The testimony of the disinterested witness, Trooper Sampite, based on the presence of physical evidence, corroborates Williams’ version of the accident. Counsel for defendants argues that since no debris was found in the northbound lane, it must be concluded the debris in the southbound lane was from the Williams automobile only. On this premise he maintains such a finding is not inconsistent with Miss Cal-íais’ testimony that at no time did she enter the southbound lane prior to the collision. Whether the debris noted in the southbound lane was from one or both vehicles, its location is mute evidence of the spot where the impact occurred. Moreover, it appears that the absence of debris in the northbound lane supports the testimony of Trooper Sampite to the effect the Calíais vehicle was astraddle the centerline following the accident and not in the northbound lane as testified by Miss Calíais.
In alternatively contending Williams was guilty of contributory negligence in traveling at an excessive rate of speed and failing to swerve to his right to avoid the accident, appellants rely mainly on the fact that following the initial impact Williams’ vehicle traveled about 40 to SO feet and struck a parked car with enough force to propel the latter vehicle across the highway.
Assuming arguendo, Williams was traveling in excess of 20 to 25 miles per hour, nevertheless, under the circumstances, his speed was .not a proximate cause of the accident. Despite the operation of the caution light under the circumstances obtaining herein, nothing in the record indicates Williams’ speed to be excessive, unreasonable or unlawful. Conceding for argument’s sake, Williams was exceeding the 20 to 25 mile speed attested to, his speed was immaterial. The evidence clearly preponderates in favor of the conclusion that Miss Calíais drove into the southbound lane when Williams was so close an accident was inevitable. For the same reason we find no merit in appellants’ argument that Williams could have avoided a collision by swerving to his right. We find Williams was confronted with a sudden emergency brought about by an oncoming motorist invading his lane of travel when the distance between Williams’ automobile and that of the oncoming motorist was such that Williams had no opportunity to avoid the collision which ensued.
It is settled law that a motorist attempting a left turn must yield to both oncoming and overtaking traffic and must not venture such a hazardous maneuver unless certain it can be accomplished without incident. Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295; Griffin v. Whiteman, La.App., 169 So.2d 639.
We conclude the sole proximate cause of the accident was the negligence of Miss Calíais in attempting a left turn across the highway when the oncoming Williams car was so near as to make such maneuver extremely hazardous.
The trial court rendered judgment in favor of Mrs. Norma Williams in the sum of $250.00 for personal injuries. Judgment was also rendered in favor of plaintiff Ed-less Williams as administrator of the estate of the Minor Scott Williams, in the amount of $300.00 for personal injuries, and in favor of Edless Williams, individually, for special damages aggregating $2,211.50. The amounts of these awards are not contested on appeal.
Accordingly, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.