CULPEPPER, Judge.
This is a suit for ’damages arising out of an automobile accident. A truck owned by the defendant, Tuloma General Gas, Inc., and driven by the defendant, Billy W. Caughlin, was turning left from the highway into a private driveway when it was struck from the rear by an automobile driven by the plaintiff, C. H. Foster. From an adverse judgment plaintiff appealed.
The substantial issues are: (1) Was the defendant driver negligent in making his left turn? (2) Was the plaintiff contribu-torily negligent in traveling at an excessive speed or failing to keep a proper lookout?
*50 The accident occurred on March 11, 1966 at approximately 3:20 p. m. during clear, dry weather. The scene is one mile north of Bunkie, Louisiana, on U. S. Highway 71, a two-lane, two-way, blacktopped highway running generally north and south.
The defendant Caughlin, was driving a 2 ton flat-bed truck in a northerly direction on the highway, intending to turn left into the private driveway of Fred Williams. Behind defendant’s truck was a pickup truck driven by an unknown person. Following the pickup truck was a Dodge automobile being driven by the plaintiff, C. H. Foster.
Plaintiff’s version of the accident is that he and the pick-up truck were traveling 50 to 60 miles per hour and were about 180 feet apart. The pickup truck first passed defendant’s slow moving truck and returned to the right-hand lane. When plaintiff reached a point about 150 to 180 feet behind defendant’s truck, he sounded his horn and moved into the passing lane. He was about 75 feet from defendant’s truck when, without any prior signal, it suddenly commenced a left turn toward the Fred Williams driveway. Plaintiff applied his brakes and turned to the right in an effort to avoid a collision. However, defendant’s truck, instead of continuing its left turn, stopped with about three feet of its front end left of the center line of the highway and the remainder blocking the right-hand lane of traffic. Plaintiff skidded into defendant’s truck, the left center of his automobile striking the right rear corner of the bed of the truck.
Defendant’s version of the accident is that when its driver reached a point about 200 feet from the driveway, he gave a left turn signal with his left arm and began to slow down gradually. As he neared the driveway, the pick-up truck “whizzed by”. Then, almost instantly, defendant’s driver heard plaintiff’s tires squealing behind him. Defendant applied his brakes. It is defendant’s contention that he did not leave the right-hand lane of traffic at any time and that he had stopped, or almost stopped, at the time of the impact.
The district judge found as a fact that defendant’s driver had commenced his left turn and crossed the center line of the highway “about 12 or 14 inches” at the time of impact. There is ample evidence to support this conclusion. In addition to the testimony of plaintiff, we have the way the vehicles collided and the fact that defendant’s truck was located partially in the left-hand lane after the accident. Also, defendant’s driver admits he did not see the plaintiff approaching from behind and hence had no reason not to start his left turn after the pick-up truck passed. Defendant’s driver was therefore guilty of negligence in attempting a left turn across the highway in the path of plaintiff who was passing. Williams v. Callais, La.App., 204 So.2d 112; Merritt v. So. Farm Bureau Casualty Insurance Company, La.App., 199 So.2d 594; Fairman v. Robert, La.App., 181 So.2d 459.
The district judge found plaintiff con-tributorily negligent in traveling at an excessive speed and failing to keep a proper lookout. The highway was under construction and the speed limit of 45 miles per hour was posted with signs.[1] Plaintiff admits he was going 50 to 60 miles per hour. The physical facts show that plaintiff’s car left tire skidmarks a distance of 120 feet before the impact and then, after a violent collision, skidded another 54 feet, making a total of 174 feet of skidmarks. An automobile accident expert estimated plaintiff’s speed at 65 miles per hour. The evidence is clearly sufficient to support the trial *51 judge’s conclusion that plaintiff was traveling at an excessive speed. The expert’s testimony also shows that the excessive speed was a substantial factor (cause-in-fact) contributing to the accident, since the expert testified that, under the facts of the accident, the plaintiff could have brought his car to a stop within 96 feet of the time he applied his brakes if he had been proceeding at the legal speed of 45 miles per hour; whereas, because of the excessive speed, the plaintiff’s skidmarks prior to the impact were 120 feet in length.
The evidence preponderates that defendant’s truck driver was giving a left turn signal with his left arm. This is the testimony of defendant’s driver and his passenger. Plaintiff should have seen this left turn signal and, of course, he should have used greater care on observing a slow moving truck giving a left turn signal near a private driveway. Instead of slowing down and taking greater precautions, plaintiff proceeded to pass at a speed in excess of the legal limit.
Evans v. Thorpe, 175 So.2d 418 (La.App. 2nd Cir. 1965) presented a very similar situation. There the plaintiff had commenced his left turn and placed himself in a position of peril. The following motorist was the defendant. In discussing the duty of care of the defendant, a following motorist, the court said:
“A motorist operating an automobile approaching another motor vehicle from the rear, while both vehicles are traveling in the same direction, is under a duty to exercise great care, sometimes referred to as extraordinary care.” (Citations omitted)
See also the recent, similar case of Thigpen v. Aetna Casualty & Surety Co., 201 So. 2d 525 (La.App. 1st Cir. 1967) where the court first held the left turning driver negligent and then also held the following driver negligent in failing to see the left turn signal, traveling at an excessive speed and failure to use the care required of a following motorist.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., recused.

. Plaintiff argues that under LSA-R.S. 32:63, subd. A defendant is required to prove not only that signs were posted reducing the speed limit from 60 miles per hour to 45 miles per hour but also to show that the department of highways issued a formal order to this effect. We think the signs were prima facie proof of the speed limit and it was incumbent on plaintiff to show the contrary. No such showing was made.