BAILES, Judge.
This case presents an appeal by the plaintiffs from an adverse judgment of the trial court denying their demands for damages arising from an accident involving vehicles of the plaintiff, Armand Gisclair, and the defendant, Emile Bergeron. The trial court found that the driver of the Bergeron vehicle was guilty of actionable negligence, however, the demands of the plaintiffs were rejected because it found the driver of the Gisclair vehicle was guilty of contributory negligence which was a proximate cause of the accident. We find the trial court was correct in its determination that Mrs. Ella Bergeron, driver of the defendant vehicle, was guilty of negligence that was the proximate cause of the accident and resulting damages, however, we find reversible error was committed in holding Calvin Gisclair, driver of the Gisclair automobile, guilty of contributory negligence which barred recovery of damages sustained by him.
In the trial court, the defendants filed suit against the plaintiffs and their insurer to recover damages allegedly caused by the negligence of Calvin Gisclair. This companion suit is not before us for the reason that apparently no appeal was taken from the judgment rejecting their demands.
Plaintiff, Calvin A. Gisclair, brought this action against Emile Bergeron, the husband of the driver of the Bergeron automobile, and his insurer, Allstate Insurance Company, to recover damages for physical injuries and for medical expenses, while plaintiff, Armand Gisclair, seeks to recover the sum of $50 as the amount he was required to pay as the deductible portion under his collision insurance. No proof was offered of this damage to Armand Gisclair, consequently his claim was properly rejected by the trial court.
Our finding is that this case presents the usual and typical left turn accident. The facts are that Gisclair was proceeding south on Louisiana Highway One about three miles south of Napoleonville, Assumption Parish, Louisiana, at about dusk on the afternoon of January 7, 1965, when at the same time Mrs. Bergeron was driving her passenger car north on the same highway. In order to reach her destination, her home on her left side of the highway, she made a left turn across the southbound lane of the highway and into the path of the oncoming Gisclair vehicle. Other than the drivers of the two vehicles involved, the only other known witness was the driver of an oilfield truck who was proceeding in a northerly direction immediately in the rear of the Bergeron automobile. His testimony was that he had been trailing Mrs. Bergeron for some distance and that when she was about 900 feet south of the situs of the accident, she turned on her left turn indicator and as she approached her driveway she slowed her vehicle and in fact stopped in the highway in front of him. Immediately after stopping, Mrs. Bergeron proceeded into her left turn at a time when the Gisclair vehicle was about 75 feet away. Gisclair testified that he put on his brakes and pulled to his right but in spite of this defensive action he collided with the Bergeron vehicle.
On the trial of this case, a number of witnesses were called and examined with reference to whether Gisclair had his headlights burning at the time of the collision. We find decision of this point is not pertinent to a resolution of the issue. Mrs. Bergeron testified that she saw the vehicle of Gisclair approaching her when it was four-tenths mile away, however, she stated she did not notice it again until it collided with her vehicle. Aside from this testimony of the defendant’s driver, the state trooper who investigated the accident testified *568 that when he received the call on the accident he checked the light conditions and that a vehicle could be seen at a distance of 400 to 500 feet.
We find the sole proximate cause of this accident was the negligence of Mrs. Bergeron in making a left turn across the path of the oncoming Gisclair car at a time when Gisclair was so close to her he was unable to avoid the collision. See Washington Fire and Marine Insurance Company v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295. Williams v. Callais, La.App., 204 So.2d 112; Choppin v. Conly, La.App., 106 So.2d 846; Southern Farm Bureau Casualty Insurance Company v. George W. Foshee Lumber Co., Inc., La.App., 136 So.2d 115.
This brings us to a consideration of the injuries Gisclair sustained. He received a cut over his left eye which required nine stitches to close, a partial denture was broken, he had a laceration on the inside of his mouth, three teeth were injured and had to be extracted, both knees were bruised, and his right wrist was fractured. He also lost a pair of eyeglasses in the accident.
We approve the following medical expenses which are justified by the record: Richards Optical Center, $43.78; Mr. George Battalora, Jr., $53; Dr. George Hiak, $27; Dr. Richard Robichaux, $75; St. Ann Clinic, $42; and Dr. Louis Le-Blanc, dentist, $533. Total special damages amount to $773.78.
Plaintiff’s injuries did not require his hospitalization, although his right wrist was in a cast for about six weeks. He made two trips to a doctor in New Orleans for treatment and examination, and was required to make about 15 trips to his dentist.
For the loss of three permanent teeth, and for physical pain and suffering associated with the loss of the teeth, the fracture of his wrist and for lacerations and contusions of his body, we feel an award of $4,000 is reasonable and adequate.
For the foregoing reasons, the judgment appealed from is reversed, and there is judgment herein in favor of the plaintiff, Calvin A. Gisclair, and against Emile Ber-geron and Allstate Insurance Company, in solido, in the full sum of $4,773.78, together with legal interest thereon from date of judicial demand until paid, and for all costs of court. The demand of Armand Gisclair is rejected, at his cost.
Reversed and rendered.