YARRUT, Judge.
This suit arises out of a collision in which Defendant’s .streetcar struck an automobile driven by Plaintiff. The Trial Court awarded Plaintiff $2,772.50, from which judgment Defendant has taken this appeal.
Quantum is not an issue on appeal. Defendant’s only contention is that its motorman was free from fault.
It is undisputed that Defendant’s streetcar was travelling from the Mississippi River toward Lake Pontchartrain on South Carrollton Avenue and that, when it entered the intersection of Freret and South Carrollton, it struck the right front side of Plaintiff’s automobile then partially located on the tracks of the lake-bound streetcar. However, regarding the other aspects of the accident, the testimony is conflicting.
Plaintiff testified he was travelling on South Carrollton toward the river and made a left turn at Freret and South Car-rollton; that he stopped with his vehicle partially on the lake-bound tracks, to make a left turn, when he observed the streetcar approaching him at a distance of approximately one hundred feet; and that he was unable to move because there was one vehicle immediately in front of him, and one immediately to his rear; that the motorman did not sound his gong nor apply his brakes and that, just as the vehicle to the front of him moved into South Carroll-ton, he was struck by the streetcar. Plaintiff’s testimony was corroborated by that of Milton H. Ockman, who saw the accident while standing on the neutral ground waiting for a river-bound streetcar. He further testified that there were three vehicles in the intersection, with the Plaintiff’s vehicle in the middle; that when he first observed the streetcar Plaintiff was stopped with the front of his car over the lake-bound tracks; and that at this time the streetcar was approximately one-half block away. He also testified that the motorman did not warn Plaintiff, nor did he decrease his speed as he approached the intersection.
Three witnesses testified for the Defendant : Mrs. Mary E. Hoey and Mrs. Mercedes Jackson, both passengers on the streetcar, and Mr. Iphis Bonin, the streetcar’s conductor. The motorman was deceased at the time of the trial. The Defendant’s witnesses all testified that the motorman did sound his gong and apply his brakes; that the streetcar was very close to the intersection when Plaintiff drove his vehicle onto the tracks; and that there were no other vehicles in the intersection except that of Plaintiff.
To find in favor of Plaintiff the Trial Judge must have concluded that the version of the accident given by both Plaintiff and Mr. Ockman was the correct one. We can find no manifest error in the determination.
Defendant cites Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295; Scott v. Hardware Dealers Mutual Insurance Co., La.App., 189 So.2d 29; Fernandez v. Aetna Casualty & Surety Company, La.App., 180 So.2d 828; Smith v. Employers Mutual Insurance Co. of Wis., La.App., 179 So.2d 920, which hold that the driver of a vehicle executing a left turn must bear the burden of proving that he was free of negligence. However in all the cited cases the vehicle in question was in the process of making a left turn when the collision occurred. However, in the instant case, accepting as we do the Plaintiff’s version of the accident, Plaintiff’s vehicle was stopped after completing one left turn preparatory to making another.
Further, in accepting Plaintiff’s version of the accident to the effect that he entered the intersection well-ahead of the approaching streetcar, we conclude that the motorman was negligent in not stopping the streetcar in time to avoid the collision. We *358 also conclude that Plaintiff, trapped as he was between two other vehicles, was free of negligence.
Hence the judgment appealed from is affirmed; Defendant to pay all costs in both Courts.
Affirmed.