SAMUEL, Judge.
This is a suit for personal injuries and property damages sustained in an accident involving two automobiles. Plaintiffs are husband and wife; she seeks recovery for personal injuries sustained in the collision; he sues for medical expenses incurred on for behalf, loss of wages and services. The petition names three defendants: Gen-tilly Dodge, Inc. (improperly designated in the title as “Company”), with whom the defendant vehicle had been left for repairs; Fidelity and Casualty Co. v. New York, liability insurer of Gentilly Dodge; and Milton M. Byrd, the driver of the defendant automobile, an employee of Gentilly Dodge, who was operating the car in the course and scope of his employment at the time of the accident. Only Gentilly Dodge and Fidelity were served. They answered in the form of a general denial, alternatively pleaded contributory negligence, and reconvened for $732.95, the stipulated amount of damages to the defendant automobile, in the proportions of $100 to Gen-tilly Dodge and the balance to Fidelity under a $100 deductible policy.
The only witnesses who testified relative to the facts involved in the accident were Mrs. Wilkinson, Mr. Byrd and the investigating police officer. Following trial on the merits, the district judge found that, even under plaintiffs’ version of how the accident happened, the plaintiff driver was negligent. Accordingly, judgment was rendered in favor of the two defendants, Gen-tilly Dodge and Fidelity, dismissing plaintiffs’ suit. Inadvertently, neither the reasons for judgment nor the judgment itself considers or mentions the reconventional demand. Plaintiffs have appealed and Gentilly Dodge and Fidelity have answered the appeal seeking judgment on their re-conventional demand.
The accident occurred on February 13, 1968 at approximately 11:45 a. m. in a residential neighborhood on Shalimar Drive in the City of New Orleans. Shalimar is a two-way, two-lane roadway, approximately 22 feet in width. There were vehicles parked on both sides of the street. While the plaintiff car, occupied only by its driver, Mrs. Wilkinson, was in the process of turning left into the driveway of the Wilkinson home it was struck in the area of the left front door by the right front of the defendant automobile. The latter was occupied only by its driver, Mr. Byrd, a mechanic in the employ of Gentilly Dodge. The Wilkinson home was in the middle of the block. As a result of the collision Mrs. Wilkinson was injured and the two automobiles were damaged.
Mrs. Wilkinson testified: Because her husband’s truck had been in their driveway the night before the accident, she had parked the plaintiff automobile on the street directly across from her home and it had remained there overnight. The next morning she was returning from a laundry, *677 traveling in a lake-bound or northerly direction, and proceeded to turn left into the driveway adjoining her residence. Using her hear view mirror, she saw the defendant automobile, also traveling in a northerly direction, approximately at the intersection one-half block away. At this time she activated her left turn indicator and was turning into the driveway when her car was struck by the defendant vehicle.
Mr. Byrd’s version of the accident was quite different. He testified he was driving on Shalimar, at about 20 miles per hour, straddling the approximate center of the street due to parked cars on both sides. He had made minor repairs to the rear end of the defendant automobile and, for the second time that morning, was on Shalimar Drive for the purpose of test driving the vehicle. The plaintiff car was parked at the curb to his right, where it had been when he had driven by on the first testing occasion. Just before he reached the plaintiff automobile it suddenly pulled out from its parked position and made a left turn into his path. He swerved to the left but was unable to avoid the collision.
The police officer testified relative to the position of the cars when he arrived, various measurements made by him and similar matters. Of significance is that he found from the physical evidence at the scene that the impact occurred slightly to the drivers’ left of the center of the street and that the defendant vehicle had left 10 feet 3 inches of skid marks to the point of collision. In addition, the statement made to the officer by the defendant driver not more than 30 minutes after the accident was the same as the testimony later given by that driver. Due to her injuries the officer did not speak to Mrs. Wilkinson until much later.
The motorist who makes a left turn, particularly at a private driveway or similar place other than an intersection, is required to exercise a very high degree of care; he must not only give a proper and timely signal, but also must make reasonably certain, after observing both oncoming and following traffic, that the turn can be made with safety. LSA-R.S. 32:104A; Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805; Brantley v. Clarkson, 217 La. •425, 46 So.2d 614; LeDoux v. Montgomery, La.App., 212 So.2d 562; Fontenot v. Pan American Fire & Casualty Company, La.App., 209 So.2d 105; Huntsberry v. Millers Mutual Fire Insurance Co., La. Ápp., 205 So.2d 617; Nugent v. Glover, La.App., 205 So.2d 129; Williams v. Cal-íais, La.App., 204 So.2d 112; Thigpen v. Aetna Casualty & Surety Company, La. App., 201 So.2d 525; Kugler v. Castjohn, La.App., 201 So.2d 9.
We are satisfied the plaintiff driver was guilty of negligence which bars a plaintiff recovery and, in the absence of defendant negligence, requires a recovery on the reconventional demand. In either event, if she began her turn from a parked position at the curb, as the plaintiff driver testified, or if she began the turn while proceeding to her home from the laundry, as she testified, she turned directly into the path of the approaching defendant vehicle when such a turn could not be made with safety.
We are also satisfied the record reveals no negligence on the part of the defendant driver. As substantiated in part by the physical evidence of the 10 foot 3 inch skid marks left by his vehicle prior to impact, which marks appear to have resulted only from an application of the brakes, even if Mrs. Wilkinson was in the process of driving to her home and activated her turn indicator when she began the left turn, as she testified, the turn was made too suddenly, and the signal given too late, for the defendant driver to take effective measures to avoid the collision. On the other hand, if the plaintiff automobile suddenly and without warning pulled out from a parked position at the curb into the path of the approaching defendant car, as the driver of the latter testified, quite clearly there was no defendant negligence.
*678 For the reasons assigned, the judgment appealed from is amended, affirmed in part and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment, on the main demand, in favor of the defendants in suit, Gentilly Dodge, Inc. and Fidelity and Casualty Co. of New York, and against the plaintiffs in suit, Peggy Delores Smith, wife of, and Elmo J. Wilkinson, dismissing, the said plaintiffs’ suit.
It is further ordered, adjudged and decreed that there be judgment, on the recon-ventional demand, in favor of plaintiffs in reconvention, Gentilly Dodge, Inc. and Fidelity and Casualty Co. of New York, and against defendants in reconvention, Peggy Delores Smith, wife of, and Elmo J. Wilkinson, in solido, in the full sum of $732.95 with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that all costs in both courts be paid by the original plaintiffs-appellants.
Amended, affirmed in part and recast.