HEARD, Judge.
This is an action for personal injuries and medical expenses arising out of an automobile collision in the 1900 block of Murray Lane in Shreveport.
On May 21, 1970 about 6:45 P. M. Virginia McGee Womack, plaintiff, was driving a 1962 Chevrolet station wagon on Murray Lane in a northerly direction. David Netherton, minor son of insured, Ben E. Netherton, was driving in a southerly direction on the same street. Mrs. Womack was on her way to adult education classes at Lakeshore Junior High School where parking lots front on Murray Lane. As the Womack vehicle approached the school parking lots and while making a left turn maneuver into one of the lots, it was struck by the 1970 Chrysler driven by young Netherton.
Murray Lane is a narrow two lane street eight or nine blocks long which runs between Sunset Boulevard and Lakeshore Drive. The street is concrete divided only by an asphalt line between the two strips of concrete. There are no speed limits posted near the accident site.
David Netherton testified he had traveled Murray Lane many times and knew of the location of the junior high school although unaware night classes were being held there. Netherton stated he was watching his speedometer and going 30 to 35 miles per hour. There are two small hills near the accident site. The hill nearer the accident site is approximately 100 to 150 feet from the point of impact. The other hill is approximately 200 to 250 feet from the site. It was at the top of the second hill that insured first noticed the Womack car. As he crested the hill he saw the Chevrolet heading north beginning to angle toward the parking lot. The vehicle’s angle placed about one-half of its width across the south lane of traffic. When Netherton saw the vehicle in his path he gradually applied his brakes, then the Womack vehicle stopped in the southbound lane. Netherton then slammed on his brakes and attempted evasive action but the’ streets were wet and the Chrysler slid around striking the Chevrolet at the left front headlight and along its left rear quarter panel. During the skid the car jumped the curb and came to rest near a telephone pole. As a result of the collision Mrs. Womack suffered a neck injury relating to muscle strain in the cervical region. She brought suit for $1,557 special damages and $30,000 for pain and suffering. Defendant’s insurer denied any negligence and interposed the defense of contributory negligence. The trial judge found Nether-ton guilty of negligence in exceeding a proper speed under the circumstances and also found Mrs. Womack contributorily negligent in making a left turn without ascertaining that it could be done safely. The law is simply stated in LSA-R.S. 32:104(A):
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless or until such movement can be made with reasonable safety.”
It was stated by this .court in Martin v. Weaver, La.App., 191 So.2d 744 (2d Cir. 1966), writs denied, 250 La. 20, 193 So.2d 529 (1967):
“The only question on appeal is one of fact since the law is well settled and not in dispute. A left turn is one of the most dangerous maneuvers a motorist can make and it should be executed with great caution and the exercise of a very high degree of care. Louisiana Revised Statutes 32:122 and Griffin v. Whiteman (La.App., 4 Cir., 1964) 169 So.2d 639.” [191 So.2d 744, 746]
See also Kugler v. Castjohn, La.App., 201 So.2d 9 (1st Cir. 1967) and Tucker v. Pitts, La.App., 230 So.2d 663 (2d Cir. 1970).
*852 From a study of the entire record we are in agreement with the trial judge. Mr. Maurice K. Nichols, who witnessed the accident, stated he saw Mrs. Womack moving slowly northward on Murray Lane with five or six feet of her vehicle in the southbound lane of traffic. Nichols noticed no physical or mechanical signal. The investigating officer reported that there was glass and debris in the southbound lane. Netherton testified that as he crested the hill he saw the Womack vehicle and gently applied his brakes because he thought she would stop. Then he slammed on his brakes because Mrs. Womack did not stop but continued to make her turn.
Mrs. Womack testified she did not see Netherton until after she was into her turn. She further stated that at no time was she in Netherton’s lane and that his car came into her lane when they collided.
If Netherton saw Mrs. Womack while she was slowing down prior to her turn then she could have seen him as he crested the hill prior to beginning her turn. Mrs. Womack by law is held to a duty to have seen what she could have seen. This court said in 1932 that it is a well settled rule that one is charged with having seen that which he should have seen through the exercise of ordinary care and caution for his safety and the safety of others. Hamilton v. Lee, La.App., 144 So. 249 (2d Cir. 1932). See also Naquin v. Calíais, La.App., 191 So.2d 885 (1st Cir. 1966) and Hanford v. Jan C. Uiterwyk Company, Inc., La.App., 214 So.2d 236 (4th Cir. 1968).
Thus, Mrs. Womack was negligent in continuing her left turn after she should have seen the Netherton vehicle approaching, and her negligence was a contributing cause of the accident.
For the reasons heretofore expressed, we find no manifest error in the ruling of the trial court, and the judgment is therefore affirmed at appellant’s cost.