HOOD, Judge.
Mrs. Lula Mae Fauntlory, individually and as natural tutrix of her minor son, instituted this suit for damages for personal injuries sustained by her and by her son as a result of a motor vehicle collision. The suit was instituted against Travelers Indemnity Company, the insurer of the vehicle in which they were riding as guest passengers. Judgment was rendered by the trial court in favor of plaintiff, awarding her $800.00, individually, and $900.00 for the use and benefit of her child. Plaintiff has appealed.
The sole issue presented on this appeal is whether the award of general damages made to Mrs. Fauntlory, individually, is adequate.
The accident occurred on August 20, 1969. Plaintiff and her 18 year old son were riding as passengers in an automobile which was being driven by plaintiff’s husband on an interstate highway in Jefferson Davis Parish. The driver permitted the automobile to run into the rear end of a transport truck, and as a result of that accident plaintiff and her son sustained the injuries which form the basis for this suit.
Immediately after the accident occurred, Mrs. Fauntlory was taken to a hospital in Jennings, and was examined by Dr. Frank A. Savoy, a general practitioner. Dr. Savoy testified that he “checked her over pretty good,” and that he found “nothing really serious” except a small laceration on her left lower leg. He closed that laceration with steric tape, since it was not large enough to require suturing, and he advised her to return to his office the next day. Plaintiff returned to Dr. Savoy the next day, complaining of severe pain in the lower back and pelvic area, and pain in the left leg. The doctor found no fractures, but he diagnosed her condition as being a “severe spraining injury for the lower back and laceration of the left leg.” He continued to treat her until May 19, 1970, at which time he released her as being fully recovered from her injuries, with no residual disability.
Dr. Savoy testified that plaintiff used crutches for about ten days after the accident occurred, and that he felt that she was not able to perform her work as a clothes presser, in a pressing shop, for the “first few weeks” immediately following the accident. He found that plaintiff weighed about 195 pounds at the time the accident occurred, and he testified that generally an obese person, such as plaintiff, is slower to recover from a back injury than is a person of slighter build. Because of plaintiff’s continued complaints of back pain, he referred her to Dr. E. C. Campbell, an orthopaedic surgeon, for examination and evaluation.
Dr. Campbell examined plaintiff on December 5, 1969, or about three and one-half months after the accident occurred. His x-ray findings were negative, and he testified that he found no abnormality and no objective evidence to substantiate plaintiff’s complaints of pain. He conceded that plaintiff may have suffered a contusing injury to the left knee and a straining injury to the lower back muscles or joints as a result of the accident, but that on the date he examined her there was no objective evidence of any such injury or of any residual disability. He stated that it was possible for plaintiff to suffer some pain without any objective evidence of it, but he felt that if she did suffer the pain of which she complained, that pain would sub *838 side within a maximum of two months after the date of his examination.
Plaintiff testified that after the accident occurred, she suffered severe headaches for three or four weeks, and that she experienced severe pain in her back and legs, which necessitated the daily use of crutches for two or three months. She stated that she was unable to perform her household duties for five or six months, that she was still having trouble with her back and legs at the time of the trial, and that she still had occasional headaches. She presently weighs about 210 pounds, and she has a pre-accident history of high blood pressure and an enlarged heart. She testified that she never tried to return to her regular employment after the accident occurred, but that prior to the accident her high blood pressure occasionally caused her to be absent from work.
The testimony of plaintiff’s son, and that of her daughter and niece, tends to support plaintiff’s statements.
The trial judge concluded that Mrs. Fauntlory suffered injuries to her neck, back and lower left leg, but that there were no serious injuries. He found that she “used crutches for about ten days, but not much longer,” and that “she was not able to work at her job at the laundry for the first few weeks following the accident.” He awarded her $450.00 for loss of wages, and $350.00 for her physical pain and suffering, mental anguish and disability.
Applicable here is the rule that the factual findings of the trial judge are entitled to great weight on appeal, and his conclusions as to the facts should not be disturbed unless found to be clearly erroneous. Huntsberry v. Millers Mutual Fire Insurance Company, 205 So.2d 617 (La.App. 3 Cir. 1967). Also, in the assessment of damages “much discretion” must be left to the trial judge or jury. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) ; and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
It is obvious that the trial judge accepted the testimony of the treating physician and the examining orthopaedic surgeon as to the nature and extent of Mrs. Fauntlory’s injuries. The medical evidence indicates that plaintiff sustained only minor injuries as a result of this accident, her injuries consisting solely of a small laceration of her left knee and a straining injury to her back. The laceration was small, requiring no sutures, and it apt-parently healed without complications. Although plaintiff was taken to the hospital immediately after the accident occurred, it was not necessary for her to receive hospital care, and she was discharged immediately after she was examined and the laceration was treated. While it is true that plaintiff used crutches for approximately ten days after the accident occurred, the record does not indicate that her treating physician ever prescribed or recommended that she do so. The testimony of the examining orthopaedic surgeon indicates that she had fully recovered from her injuries by December 5, 1969, or approximately three and one-half months after the accident occurred.
We have concluded that there is sufficient evidence in the record to support the factual findings of the district court as to the nature and extent of plaintiff’s injuries, and that the award made by the trial judge is within the range of the discretion which is vested in him in making awards of general damages.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.